MINNIE E. BREWER, APPELLANT, V. WILLIAM M. BREWER, APPELLEE.

FILED JULY 12, 1907. No. 14,904.

1. **Husband and Wife: MAINTENANCE.** A wife may bring a suit in equity to secure support and alimony without reference to whether the action is for divorce or not.

2. ———: ———. Every wife is entitled to a home corresponding with the circumstances and condition of her husband, over which

she shall be permitted to preside as mistress, and she does not forfeit her right to maintenance by refusing to live in the home with and under the control of the husband's mother.

APPEAL from the the district court for Platte county: CONRAD HOLLENBECK, JUDGE. *Reversed with directions.*

*R. W. Hobart,* for appellant.

*J. J. Sullivan,* contra.

CALKINS, C.

In November, 1904, the defendant, aged 22 years, was married to the plaintiff, aged 19. Before his marriage the defendant had lived with his mother, a widow, and a minor brother, in a seven-room house, which had been bought with the proceeds arising from the sale of the property that constituted the family homestead at the time of the death of the father. Some time before the marriage the defendant's mother, being in ill health and anticipating her possible death, conveyed the home to defendant, with the understanding that, when the minor son should attain his majority, the defendant should pay him $650. During the courtship the defendant informed plaintiff that he owned the house, and it was understood that the plaintiff and defendant should occupy the same, and that the defendant's mother should have a room therein for her own use. Shortly before the marriage the defendant conveyed the property to his mother, for the reason, as he says, that he did not want the plaintiff's mother to think that she could take charge of things. The fact of this conveyance was not divulged to the intended wife before the marriage. After the marriage the plaintiff and defendant went to live at the house, where they all seem to have dwelt as one family. About two weeks after the marriage the plaintiff discovered, from reading a list of transfers of real estate in a local paper, the fact of the conveyance of the home by the defendant to his mother, and asked an explanation. From this time on the

relations between the plaintiff and her husband's mother
became strained, the plaintiff alleging that the mother
allowed her no voice in the management of the household
affairs, and told her she was no housekeeper and not a fit
wife for her son, and that on one occasion the mother
threw a book at her, which struck her in the face.   The
mother does not deny that she took control of the house,
but disputes the other statements, and says there were
no words between them, but that plaintiff became sulky
after learning of the transfer.   The plaintiff also says
that she never received a cent of money from her husband,
which is not denied, and which tends to corroborate her
statement that the management of the household was
given to the mother.   On the 20th of February, 1905, the
plaintiff left the house and went to her mother.   There is
some dispute as to whether she gave her reasons before
leaving; but in her testimony she asserts that she has all
the time been willing to live with the defendant if he
would provide her a home where she would not be subject
to the control of defendant's mother, and that she was
willing that the mother should live in the house with
them if the plaintiff could have control of her part of the
house.   The defendant did not offer to accede to these con-
ditions, and the plaintiff in June, 1905, brought this ac-
tion for her support and maintenance.   She had become
pregnant soon after the marriage, and was confined at
her mother's house in September, 1905, defendant refus-
ing to contribute anything to the expenses of her confine-
ment or to the support and care of either the mother or
child.   The defendant is a carpenter, and, while he has
no property except his interest in the home, earns the
wages usually paid to workmen in his trade during the
season, and is financially able to support his wife and
child.   The court below denied the plaintiff any relief,
and she appeals from the judgment dismissing her peti-
tion.

1. Contrary to the law in many jurisdictions, it has
been settled in this state that the wife may bring a suit

in equity to secure support and alimony without reference to whether the action is for divorce or not. This doctrine was first announced in *Earle v. Earle,* 27 Neb. 277, which was followed by *Cochran v. Cochran,* 42 Neb. 612. As a husband is bound to support his wife and child, the plaintiff is entitled to some relief in this action, unless the requirements she made as a condition to her return to the house of defendant's mother were unreasonable.

2. The husband has the right to direct the affairs of his own house and to determine the place of the abode of the family, and it is in general the duty of the wife to submit to such determination. The right which the husband exercises in these matters is not, however, an entirely arbitrary power. He must have due regard for the welfare, comfort and peace of mind of his wife. *Dakin v. Dakin,* 1 Neb. (Unof.) 457. The cases cited by the appellant establish the doctrine that a husband may not require his wife, against her will, to reside in the family of his mother, especially in a subordinate capacity. *Powell v. Powell,* 29 Vt. 149; *Shinn v. Shinn,* 51 N. J. Eq. 78. Every wife is entitled to a home corresponding with the circumstances and condition of her husband, over which she shall be permitted to preside as the mistress. The defendant in this case has shown a strong sense of filial duty. This is commendable, but it must not conflict with the conjugal duty he owes to his wife. The family is the unit of the social organism, and, while the institution of new families to some extent involves the disintegration of the older household, it is absolutely necessary to continued social existence. When a man marries and founds a new family, he assumes new duties and obligations; and, when these conflict with his former ties, they must be held paramount. The very existence of the family depends upon the enforcement of this principle. Whatever his filial obligation may be, a man may not bring his mother to preside in his new home. That place belongs to the wife. Neither may he, without her consent, take

her to the home of the mother, there to be under her domination and control. And, when the wife objects to this, she does not thereby forfeit her right to support and maintenance.

We therefore recommend that the judgment be reversed and the cause remanded to the district court, with directions to award a suitable sum for the maintenance of the plaintiff and her child.

JACKSON and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment is reversed and the cause remanded to the district court, with directions to award a suitable sum for the maintenance of the plaintiff and her child.

REVERSED.