MOSSA v. MOSSA.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

1. DIVORCE—SEPARATION—GROUNDS—ABANDONMENT.

In an action by a wife for a separation, it appeared from plaintiff's affidavit that on her marriage to defendant he took her home to live with his parents; that there was constant dispute between plaintiff and her mother-in-law; that defendant refused to give plaintiff any money, and objected to her visiting her own mother; that, on plaintiff becoming pregnant, defendant refused to give her money to prepare for the birth of their child, on the ground that plaintiff's cousin had died before her child was born; that defendant's mother accused plaintiff of consorting with other men, and that, when defendant was appealed to, to protect plaintiff, he stated that he preferred to believe his mother; that defendant refused to

provide a separate home for plaintiff, or to devote to that purpose money given plaintiff by her mother to start a home with; that, when plaintiff went to live with her mother, defendant refused to let her have her clothes and wearing apparel; and that subsequently defendant removed from the state and failed to contribute in any way to plaintiff's support. *Held* that, if the facts alleged were true, plaintiff was justified in leaving defendant's parents' house, and that defendant, in refusing to provide her with a home or support her, was guilty of abandonment, justifying a judgment of separation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, §§ 130–132.]

2. SAME—ALIMONY.

Where, in an action by a wife for a separation, it appeared that defendant had required her to live with him in his parents' house, that the treatment she received from defendant and his parents justified plaintiff in leaving, and that defendant had refused to provide a separate home for plaintiff or support her, the court should have allowed a reasonable sum for the support of plaintiff and her child until the action could be tried, and it was error to deny plaintiff's motion for alimony and counsel fees on condition that defendant within 10 days serve on plaintiff a written offer to provide a suitable home for her and her child.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, §§ 614–618.]

Clarke, J., dissenting.

Appeal from Special Term.

Action by Mary P. Mossa against Rudolph Mossa. From an order denying her motion for alimony and counsel fee, plaintiff appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Waldo G. Morse, for appellant.
Frank Walling, for respondent.

INGRAHAM, J. The action was for a judicial separation; the parties being husband and wife. It appears from the affidavit of the plaintiff that the parties were married on the 14th of July, 1906, and the defendant took the plaintiff home to live with his parents; that there was constant dispute between the plaintiff and her mother-in-law; that the defendant refused to give to the plaintiff any money, and objected to her visiting her own mother; that, the plaintiff having become pregnant, she requested that the defendant would give her sufficient money to enable her to prepare for the birth of their child, which he refused to do upon the ground that the plaintiff's cousin had died before their child was born; that during this time the defendant's mother accused the plaintiff of going out with other men, and, when the defendant was appealed to, to protect his wife, he stated that he would believe his mother in preference to the plaintiff. The plaintiff then demanded that the defendant provide a separate home for her, to which the defendant replied that "in Italy the man was the master and the wife must live where the husband wishes," and that plaintiff would have to live with his parents, and he would not provide any separate home; that the plaintiff's mother had given her $2,000 as a wedding present, which she had placed in the defendant's custody in order to start a home for them, but the defendant refused to apply

it to that purpose; that the plaintiff then went to her mother, leaving her clothes and wearing apparel with the defendant, and when they were sent for the defendant replied: "You [plaintiff] have a home with my parents; the door is open, but you cannot take any clothes from here; I am master;" that subsequently the defendant, accompanied by his parents, removed from the state of New York to the state of New Jersey, where he now resides, and he has failed and refused to contribute to the plaintiff's support in any way.

I think that, if these facts are true, the plaintiff was justified in leaving the defendant's parents' house, and that the defendant, in refusing to provide her with a home, or support her, was guilty of abandonment which justified a judgment of separation. The defendant denies that the plaintiff gave him $2,000 as a wedding present received by the plaintiff from her mother, but admits that on the evening prior to the marriage the defendant received as a wedding gift from the plaintiff's mother $350, which the defendant alleges he used for a wedding trip. The defendant then says that he is very desirous that the plaintiff should return and live with him, and he is willing and has always been willing to furnish a house separate and apart from his relatives; but he has furnished no such home, and has done nothing, and he does not appear to deny that the plaintiff constantly requested it during the time that she lived with his mother, and that he did not then and has not since that time taken any steps in that direction.

The court denied the motion on condition that the defendant, within 10 days after the entry of the order, serve upon the plaintiff or her attorney a written offer to provide a suitable home for the plaintiff and their child. I think that the court should have provided for a reasonable sum for the support of the plaintiff and her child until the action could be tried. There does not seem to be any doubt but that, if the defendant had provided a home for his wife, instead of compelling her to live with his parents, this whole difficulty would have been avoided. I do not think that any woman is compelled to submit to the treatment that she received from the defendant's parents, if her statement is true.

I think, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, requiring the defendant to pay to his wife $6 per week alimony, and $50 counsel fee. All concur, except CLARKE, J., who dissents.