### MOSSA v. MOSSA.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

HUSBAND AND WIFE—SEPARATE MAINTENANCE—OFFER OF HOME.
Where, in an action by a wife for a separation, the court denied plaintiff's motion for alimony and counsel fees on condition that defendant serve on plaintiff's attorney within 10 days a written offer to provide a suitable home for plaintiff and her child, a subsequent order directing plaintiff and her attorney to receive the offer was unauthorized.

Clarke, J., dissenting.

Appeal from Special Term.

Action for a separation by Mary P. Mossa against Rudolph Mossa. From an order requiring plaintiff to accept service of an offer to provide a home for her, she appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Waldo G. Morse, for appellant.

Frank Walling, for respondent.

INGRAHAM, J.   In this case, which was an action for a separation, the court denied a motion for alimony and counsel fee upon the condition that the defendant serve upon the plaintiff's attorney, within 10 days, a written offer to provide a suitable home for her and her child.   The defendant served upon the plaintiff's attorney an instrument whereby he offered "to the plaintiff, Mary P. Mossa, to provide a suitable home for her and our child, and shall, upon the acceptance of such offer by her, forthwith proceed to furnish said home, and shall provide for the maintenance of plaintiff therein."   That was returned by the plaintiff's attorney upon the ground that it was impossible for the plaintiff to determine the location of the home offered, or whether the same "is in any wise suitable for her habitation," whereupon the defendant made a motion to compel the plaintiff and her attorney to receive the offer to provide a home, and it was ordered that the plaintiff or her attorney receive the offer.

I do not think there was any authority for this order.   The original order did not require the plaintiff to receive an offer.   It only denied the motion on condition that the defendant served one.   The result was that, if this offer was a compliance with the condition of the order, the motion stood denied.   The offer was indefinite.   No home was designated.   It was a simple renewal of the offer that had been made in the affidavit to provide what the defendant was pleased to call a suitable home.

As upon the appeal from the order denying the motion for alimony we have reversed the order, this order should follow the same course and be reversed, with $10 costs and disbursements, and the motion denied.   All concur, except CLARKE, J., who dissents.