## FIELD v. FIELD.

(Supreme Court, Special Term, Kings County.   January 13, 1913.)

DIVORCE (§ 37*)—GROUNDS—DESERTION.

  Where a husband without sufficient means to support his destitute mother otherwise than at his own home provides a place for her there, but the mother interferes with the wife's control, or by improper conduct makes the home distressing to her, she is justified in leaving her husband and requiring support from him elsewhere; and the husband is not entitled to a decree of separation merely because the wife left him, but offered to return under proper conditions.

  [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 27, 107–132; Dec. Dig. § 37.*]

Action by Gardner L. Field against Adelaide F. Field for separation. Complaint dismissed.

Toivo H. Neckton, of Brooklyn, for plaintiff.

L. Victor Fleckles, of Brooklyn, for defendant.

CRANE, J.   Is a wife compelled to live with her mother-in-law? This is the question which confronts me in this case, and which by reason of the attitude of the parties I am compelled to decide.   The plaintiff, a man of moderate means, has brought his mother, a widow, into his home to provide for her.   Some differences having arisen between the mother and wife, the latter has left, and expresses her intention and desire not again to return so long as the husband's mother is in the house, unless compelled to do so by the law of this state.   She is very desirous of living with her husband, and has offered to return when his mother leaves.

The husband insists upon his right to provide a home with him for his mother, but the wife insists upon her right to live with her husband without his mother; and in spite of all that counsel and court has been able to do in an attempt to adjust these strained relations the parties insist upon having their legal rights determined.   There is an insistence which does not augur well for future happiness if persisted in. With much reluctance I am forced to touch upon those delicate situations which should, if possible, be adjusted in private.

No friendly relationships can ever be maintained upon a strictly legal basis.   When husband and wife begin to discuss their respective rights, discord and disagreement begin.   Fortunately self-rights are never thought of in that desire for mutual helpfulness which pervades most homes.   This would be a strange world if people were no better than the law allows.   By sections 914, 915, and 920 of the Code of Criminal Procedure, a son is only required to support his mother when she is so infirm as to be unable to work for a living; the law permits parents to disinherit their children and give their property to strangers; but how often do people act in accordance with these laws?

Society and the home is preserved, not by law, but by an instinctive as well as educated regard for the moral rights of others.   But, while the law does not compel the son to support his mother in his

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

home, yet it recognizes his privilege so to do if circumstances make it necessary. The plaintiff in this case has not sufficient income to maintain two homes, and the mother has not the means or ability to support herself. Under these conditions he is justified in providing a place for her in his own home, provided she recognizes that place and keeps it. Thus she can have no say whatever regarding the management and control of the home; this belongs to the wife, and if the husband's mother makes discord where there should be harmony, interferes with the wife's control and management, even at the request of her son, or by her own improper conduct and thoughtless language makes the home unpleasant and distressing to the defendant, then the wife would be justified in leaving her husband and requiring support from him elsewhere. The following cases support this conclusion: Mossa v. Mossa, 123 App. Div. 400, 107 N. Y. Supp. 1044; Hall v. Hall, 69 W. Va. 175, 71 S. E. 103, 34 L. R. A. (N. S.) 758; Brewer v. Brewer, 79 Neb. 726, 113 N. W. 161, 13 L. R. A. (N. S.) 222; Powell v. Powell, 29 Vt. 149; Shinn v. Shinn, 51 N. J. Eq. 78, 24 Atl. 1022; Maben v. Maben, 72 Iowa, 658, 34 N. W. 462.

The plaintiff is not entitled to a decree of separation, as the defendant did not leave him with the intention to permanently abandon him (Williams v. Williams, 130 N. Y. 193, 29 N. E. 98, 14 L. R. A. 220, 27 Am. St. Rep. 517) and she has offered to return under proper conditions, and I have above stated what will be the proper conditions. The complaint is therefore dismissed, without costs.