## 10716

### SAMS v. SAMS

### EX PARTE SAMS

(108 S. E. 921)

1. HUSBAND AND WIFE—HUSBAND HELD GUILTY OF DESERTION. Where plaintiff's wife learned a few days after her marriage that two days before the marriage her husband had conveyed away nearly if not all his real estate, worth from $75,000 to $139,000, to relatives, in contemplation of his marriage, and thereafter rented out his house and sent her to another home without paying her board there, and on her going to her own home until he could provide a home for her, failed to do so, held that he was guilty of deserting her.

2. LIMITATION OF ACTIONS—SUIT TO SET ASIDE DEEDS TO HUSBAND'S RELATIVES HELD BARRED.—Wife's action in April, 1920, to set aside as in fraud of her rights her husband's deeds to relatives shortly before his marriage in 1906 was barred by limitations, where she knew the facts in 1906.

3. HUSBAND AND WIFE—OFFER TO TAKE WIFE BACK NOT SUFFICIENT TO DEFEAT ALIMONY.—Where a husband's conduct had been consistently calculated to keep his wife away from his home, he could not escape payment of alimony, on the ground he had offered to take her back, where the offer did not stop at that point, but alleged that he had always been willing to allow her to return thereby indicating that his attitude remained unchanged, so that his offer could not be deemed bona fide.

Before RICE, J., Allendale, June, 1920. Affirmed and reversed in part.

Action by Moylin M. Sams against D. Sams, Emma L. Sams and R. O. Sams. Petition of Pauline O. Sams, Emmie C. Sams and Annie Lou Sams to be made parties defendant. From decree for plaintiff and order refusing to make the petitioners parties to said action the defendants and petitioners appeal.

*Messrs. R. P. Searson* and *Harley & Blatt,* for appellants, cite: *Alimony pendente lite is dependent upon a prima facie showing for permanent alimony:* 91 S. C. 345; 100 S. C. 298; 1 McC. Eq. 197; 4 DeS. 94; 51 S. C. 379. *Domicile of husband is domicile of wife:* 60 S. C. 426; 10 Rich. Eq. 175. *Complaint does not allege necessary elements to warrant alimony:* 60 S. C. 426; 1 McC. Eq. 206; 24 S. C. 380; 91 S. C. 245; 100 S. C. 298; 10 Rich Eq. 175; 4 DeS. 94; 77 Am. St. Rep. 242; 4 DeS. 94. *Invitation in good faith to wife to return to domicile will defeat alimony:* 10 Rich. Eq. 163. *Not required to make it:* 4 DeS. 94. *Decree cannot bind petitioners who were not parties:* 9 Rich. Eq. 311; Bliss Code Pl. Sec. 109a. (3rd Ed.); Pom. Code Rems. Sec. 254; 52 S. C. 368; 60 S. C. 172; S. C. 433; 51 S. C. 506. *Action barred by statute of limitations:* Code Proc. 1912, Sec. 137, Subd.

6; 44 S. C. 378; 61 S. C. 34; 8 Rich. Eq. 130; 77 S. C. 535; 73 S. C. 535. *Husband not seized during coverture and dower right does not exist;* 31 S. C. 547. *Statute begins to run from accrual of a right of action for its assertion:Rice* Eq. 158, 170. *Action is premature in so far as it relates to dower:* 51 S. C. 442. *No conspiracy to defraud plaintiff of marital rights as in* 37 S. C. 285. *Husband has right to make conveyance before marriage even after engaged:* 96 S. C. 94; Riley Eq. 230. *Petitioners as grantees were necessary parties;* Code Proc. 1912, Sec. 177. *Deed voidable but not void:* Harp. Eq. 237.

*Mr. James M. Patterson,* for respondent, cites: *Necessary allegations of complaint generally:* 18 S. C. 469; 32 S. C. 344: 35 S. C. 309; 40 S. C. 422; 45 S. C. 649. *Of complaint for alimony based on desertion:* 21 Grat. (Va.) 43; 21 W. Va. 445; 5 Colo. 55; 20 Cal. 431; 72 Conn. 567; 47 L. R. A. 750; 83 N. Y. Supp. 812; 86 App. Div. 352 *Grounds for alimony-desertion:*60 S. C. 447; 68 S. C. 124; 10 Rich. Eq. 163. *Burden on appellants as to findings of fact below:* 44 S. C. 439; 45 S. C. 33; 70 S. C. 551; 105 S. C. 405. *Stronger case than* 96 S. C. 86.

Sept. 28, 1921.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The record shows:

"The plaintiff, Moylin M. Sams, and the defendant, D. Sams, are husband and wife. They were married on February 14, 1906. The defendant Miss Emma L. Sams is a sister of the defendant D. Sams. The petitioners, Emmie C. Sams, Annie Lou Sams, and Pauline O. Sams, are children of the defendant D. Sams by a former marriage. For 13 or 14 years the said husband and wife have been living separate and apart.

"In April 1920, the plaintiff, Mrs. Moylin M. Sams, brought this action asking for the following relief:

"(1) For a legal separation between herself and her husband.

"(2) For reimbursement for the money which she has spent on her support during the years of separation up to the commencement of this action.

"(3) For alimony during the lifetime of the defendant D. Sams.

"(4) That the Courts declare fraudulent and void as against her rights certain deeds made by the said D. Sams, conveying all of his real estate to his brother and sister. the defendants, Miss Emma L. Sams and R. O. Sams.

"(5) For temporary alimony pending this action, and suit money and attorney's fees."

The plaintiff, a young lady then about 22 years old, taught school in Allendale County, in this State, and among her pupils were the three daughters of the defendant. For the space of about one year the plaintiff boarded in the home of the defendant. The plaintiff and the defendant became engaged to be married, and were married on the 14th day of February, 1906. It seems that a few days after the marriage the plaintiff learned that her husband, two days before the marriage, to wit, on February 12, 1906, had conveyed away nearly if not all of his real estate. It is alleged and not denied that these conveyances were made in contemplation of marriage and to get the property out of the reach of any possible interference by the plaintiff when she should become his wife. The property conveyed is estimated to be worth anywhere from $75,000 to $139,750. The master recommended judgment in favor of the plaintiff against the defendant for arrears of alimony in the sum of $7,925 and found that the deeds, so far as the plaintiff is concerned, are a legal fraud; recommends $125 per month for future alimony, and also temporary alimony and counsel fees. From the findings of the master the defendant appeals to the Court of Common Pleas. The

three daughters asked to be made parties but their petition was refused. With some slight modifications not material here, the report of the master was affirmed. From this judgment the defendant appealed.

The first assignment of error is that there was error in holding that the husband deserted his wife. This assignment of error cannot be sustained. The desertion, to a woman of any sort of refinement of feeling, was absolute. The defendant conveyed his property by conveyance that did not deprive him of its use, but only sought to prevent the accruing of any rights to the wife. These deeds were recorded, and said to all the world:

"I am about to marry a woman in whose honesty and fair dealings I have not the slightest confidence."

It was a cruel blow, uncalled for, unprovoked, wholly gratuitous. Up to that time she had done nothing either good or bad. It is true the wife told her husband, when she found it out, that she did not care to live with one who had no confidence in her. She did, however, live with him as long as he permitted her to do so. The rebuke was mild, but his guilty conscience made of it an unpardonable offense. He tells her that he has rented out his house, and has provided that she shall board with a Mrs. Peeples in Allendale, while he makes other arrangements. The defendant leaves her there and goes off for a time. The plaintiff finds that she is not a boarder, but a guest. Mrs. Sams is in the position of one who is the recipient of charity. When her husband returns she tells him she wants to go back to her own family. The time of her stay with her family is not fixed. Neither is the time fixed for the opening of a new home. It is true also that Mr. Sams reserved some rooms in his home for his use, but he did not tell his wife that she might return to the home from which he had taken her. If he had told her to return to the home, it would have been to add insult

to injury. It is suggested now that to return to the home was her right and duty. Suppose she had done so, she would have been met on this trial with the indisputable fact that she had returned to a house occupied by an unmarried man. When she had been carefully informed by her husband's letters that her husband's presence at that place, as her protector, was uncertain, she would have lost her reputation as well as her alimony. He took her from his house, left her in Allendale an object of charity; sent her back to her family; never notified her that he was ready for her return; constantly advised her that his movements were uncertain. The defendant husband deserted his wife, the plaintiff, and she was entitled to at least the alimony accorded to her by the judgment appealed from and the counsel fees.

The next assignment of error is that the deeds cannot be set aside in this proceeding on account of the statute of limitations. This assignment of error must be sustained. Mrs. Sams knew the facts in 1904, and it is now too late to bring an action to set aside the deeds. The statute needs no construction, but, if it does, it will be found in *Amaker v. New,* 33 S. C. 28, 11 S. E. 386, 8 L. R. A. 687, followed by a line of cases. There are two avenues of relief. This one is closed.

The appellant claims that the alimony prayed for is defeated by his offer to take his wife back. That might have been sufficient if he had stopped there. He did not stop there, however, but alleges that he has always been willing to allow her to return. If his attitude towards his wife is the same that it has been, we are forced to the conclusion that the offer is not bona fide.

The judgment as to alimony is affirmed. The judgment, in so far as it sets aside the deeds in this action, is reversed.