### STATE v. BAGWELL

(118 S. E., 767)

1. HUSBAND AND WIFE—EVIDENCE HELD TO AUTHORIZE CONVICTION FOR NONSUPPORT.—Evidence that defendant husband took his wife to his mother's home, after remaining there about four months, during which time she was subjected to violent and insulting language and threatened with violence by her mother-in-law, wife left, rented another house, but defendant refused to live with her there, *held* to authorize a conviction for nonsupport under Cr. Code, 1912, § 697.

2. HUSBAND AND WIFE—WIFE ENTITLED TO REASONABLY ADEQUATE HOME AND SUPPORT.—Marriage imposes on the husband the common law duty of providing his wife with a reasonably suitable home and support.

---

NOTE: As to whether abuse by relatives of other spouse may be cruelty constituting ground for divorce, see notes in 13 L. R. A. (N. S.), 222; 34 L. R. A. (N. S.), 759; L. R. A. 1915E, 161, and 3 A. L. R., 993.

On criminal responsibility of husband for abandonment or nonsupport of wife, who refuses to live with him, see notes in 3 A. L. R., 107, and 8 A. L. R., 1314.

As to what constitutes nonsupport by husband within criminal statutes, see note in 49 L. R. A. (N. S.), 588.

3. HUSBAND AND WIFE—HUSBAND NOT LIABLE FOR FAILURE TO SUPPORT WIFE WHO DESERTED SUITABLE ABODE.—A husband incurs no liability, either civil or criminal, for failing to support a wife who deserted a reasonably suitable place of abode chosen by him.

4. HUSBAND AND WIFE—WIFE ENTITLED TO HOME IN WHICH SHE IS FREE FROM ABUSE FROM HUSBAND'S HOUSEHOLD.—A husband's duty to provide a home not only extends to the furnishing of material comforts in accordance with his means, but requires the furnishing of a home wherein his wife is free from abuse, ill treatment, and unwarranted interference from members of his household. If such a home is not provided, the wife is justified in leaving, and not only is not guilty of desertion in so doing, but may charge the husband with constructive desertion.

Before RICE, J., Laurens, September, 1922. Affirmed.

Sam Bagwell was convicted of failing to support his wife and minor child and he appeals.

*Mr. Phil D. Huff,* for appellant, cites: *Saevitia:* 10 Rich. Eq., 173; 1 McC. Eq., 205; 1 Hagg. Rep. 39; 1 Hagg. Rep., 364; 2 DeS., 50; 4 DeS., 33; 4 DeS., 79; 4 DeS., 167; 4 DeS., 569; 60 S. C., 442. *Wife not entitled to support when she refuses to return to her husband:* 60 S. C., 444; 10 Rich. Eq., 163. *Nor is husband liable for support of child wrongfully withheld from his custody:* 138 Mass., 449; 136 Mass., 187; 22 Conn., 411; 168 Mass., 66; 60 A. S. R., 366; 37 L. R. A., 589; 150 N. Y. S., 204; 100 N. E., 25; 172 S. W., 474; 151 Pac., 552. *Husband can select domicile:* 60 S. C., 442; 10 Rich. Eq., 163.

*Mr. H. L. Blackwell, Solicitor,* for the State.

August 13, 1923.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The defendant was convicted of a violation of Section 697, Criminal Code, 1912, which provides that an able-bodied man who, without just cause or excuse, abandons or fails to support his wife, or minor unmarried children, shall be guilty of a misdemeanor. He appeals

upon the ground that the Circuit Judge committed error of law in denying his motion for a directed verdict of "not guilty."

There was evidence tending to establish that the defendant was lawfully married to his wife, Mary, in July, 1921; that he took her to his mother's home in the Laurens Mill village; that he had told her before marriage that they would go to housekeeping in three weeks after the marriage; that in November, some four months after the marriage, the defendant having refused to go to housekeeping or to make other arrangements for a separate home, his wife left the house, presided over by the defendant's mother, and returned to that of her parents in the same village; that in March following the wife gave birth to a child which has ever since been in her custody; that the defendant, an able-bodied young man, had contributed nothing to the support of his wife subsequent to her departure from his mother's home and nothing to the support of the child; that during the wife's stay in the home of defendant's mother, the mother had subjected the wife in defendant's presence to cruelly abusive treatment, in that she called the son's wife "a red-headed whore" and "a red-headed bitch," had charged her with unfaithfulness to her husband, had told her son to "take her out," and had threatened her with violence, etc.; that after the wife left the home occupied in common by the defendant and his mother, she had worked in the mill, had saved her money, had rented a house, bought furniture, and sent for the defendant to come and live with her there; that he had refused, in violent and insulting language, to accept her invitation.

Appellant's legal position is that the wife forfeited the right to the husband's marital care and support by leaving and remaining away from the home he had provided for her. His contentions are that the husband has the right to determine the marital abode; that the wife has no right to

leave the abode so fixed except for conduct on the part of the husband which amounts to *saevitia* (*Hair v. Hair,* 10 Rich. Eq., 173; *Wise v. Wise,* 60 S. C., 442; 38 S. E. 794); that subjecting the wife to mere insulting and abusive words of a mother-in-law may not be held to constitute such legal cruelty as will justify the wife in leaving the marital abode chosen by her husband; and that under the facts of the case at bar, for the husband's failure to support his wife and child, there was a matter of law "just cause or excuse."

Appellant's position is untenable. Marriage imposes 2, 3 upon the husband the duty at common law of providing the wife with a reasonably adequate and suitable home and support. 13 R. C. L., p. 1188, § 220; *State v. English,* 101 S. C., 304; 85 S. E., 721; L. R. A., 1915F, 977. While our statute (Section 697) is designed in part to redress the State's or society's grievance flowing from a breach of the husband's duty in that regard (*State v. English, supra*), there can be no doubt that it is also intended to supplement other means and remedies for enforcing the moral and social duty of the husband to support his wife, and to that extent is remedial in purpose, although it provides for the infliction of a penalty, and is to be liberally interpreted to accomplish the legislative intention. 13 R. C. L., 1191, § 223; *State v. Waller,* 90 Kan., 829; 136 Pac., 215; 49 L. R. A., (N. S.), 588. But that the wife owes the reciprocal duty of living with the husband, who has discharged his obligation to provide her with a reasonably suitable home and support, is equally fundamental. The husband incurs no liability, either civil or criminal, for a failure or refusal to support a wife who has deserted a reasonably suitable place of abode chosen by him, or who without just cause or excuse has abandoned his bed and board. 19 C. J., 59, § 113. It may be further conceded, as appellant contends, that under the rule recognized and applied in this

jurisdiction, the wife may not lawfully leave the marital abode and demand a separate maintenance where the only cause for leaving is the use of merely abusive and insulting language by the husband; that is, words that do not carry an actual menace of personal violence affecting life or health. *Wise v. Wise, supra,* and cases there cited.

But in the case at bar the abusive language which, appellant says, did not justify the wife in leaving the marital abode chosen by the husband, was used by the mother-in-law. The wife marries the husband, not his mother. His first and paramount obligation is to his wife. Matt. XIX:5. The duty of the wife to forsake her family and cleave to her husband is no more imperative or sacred than the corresponding duty of the husband. Neither spouse has the right in mere wantonness or caprice to demand the estrangement of the other from his or her parents. *Coulter v. Coulter,* 175 Mo. App., 1; 161 S. W., 281. But, certainly, the wife's marital duty to put up with coarse and abusive language from a husband, whom she has taken for better or for worse, may not be extended to cover the tongue of a cantankerous mother-in-law. As to what conduct of a husband's relatives will justify a wife in leaving the marital abode, it cannot be said that the Courts have formulated a rule of general application. But, as pointed out by the author of the note, appearing at page 633, Ann. Cas., 1914B:

"It may, however, be said, as the general effect of the decision, that the duty of a husband to provide a home not only extends to the furnishing of material comforts in accordance with his means, but requires the furnishing of a home wherein the wife is free from abuse, ill treatment, and unwarranted interference from members of the household. If such a home is not provided, the wife is justified in leaving, and not only is not guilty of desertion in so doing, but may charge the husband with constructive desertion." *Dakin v. Dakin,* 1 Neb. Unof., 457; 95 N. W., 781. *Day v. Day,*

84 Iowa, 221; 50 N. W., 979. *Powell v. Powell,* 29 Vt., 148. *Brewer v. Brewer,* 79 Neb. 726; 113 N. W., 161; 13 L. R. A. (N. S.), 222. *Shinn v. Shinn,* 51 N. J. Eq., 78; 24 Atl., 1022. *Field v. Field,* 79 Misc. Rep., 557; 139 N. Y. Supp., 673. *Hutchins v. Hutchins,* 93 Va., 68; 24 S. E., 903. *Albee v. Albee,* 141 Ill., 550; 31 N. E., 153. *Mossa v. Mossa,* 123 App. Div., 400; 107 N. Y. Supp., 1044. *Marshak v. Marshak,* 115 Ark., 51; 170 S. W., 567; L. R. A., 1915E, 161; Ann. Cas., 1916E, 206.

Applying the foregoing principles to the facts of this case, it would seem too clear to warrant argument that the Circuit Judge could not properly have held as a matter of law that the defendant's wife had left and remained away from the marital abode without just cause. The issue was properly submitted to the jury, and for their finding there was ample evidential basis.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

Mr. Chief Justice Gary did not sit.