### LAWTON v. SAMS *ET AL.*

#### (119 S. E., 800)

LIMITATION OF ACTIONS—THOUGH WIFE'S RIGHT TO BRING ACTION TO SET ASIDE HUSBAND'S FRAUDULENT DEED BARRED, SHE MAY DEFEND ON THEORY THAT DEED WAS VOID, AND CLAIM DOWER.—Though a wife's right to bring an action to set aside a fraudulent deed, made to defeat her dower two days before the marriage, was barred by lapse of the statutory period, *held* that, in an action brought by a subsequent puchaser of the land, in which she was a party defendant, she is entitled to defend on the ground that the deed was fraudulent and void, and claim dower.

Before MAULDIN, J., Allendale, March, 1921. Affirmed as modified.

Action by J. M. Lawton against Mrs. Moylin M. Sams and Duncan Sams individually and as Trustee, and others. Judgment for plaintiff and the defendants other than Mrs. Moylin M. Sams appeal.

*Messrs. R. P. Searson* and *Harley & Blatt,* for appellants, cite: *Nature of dower claim:* 13 R. C. L., 1079; 9 R..C. L.,

Note: On dower rights in property conveyed before marriage, see note in 48 L. R. A. (N. S.) 512.

585, 577; Rich. L., 286; 22 S. C., 446; 2 Hill Eq., 204; 31 S. C., 547. *Time for instituting action for dower:* 13 R. C. L., 1081; Rice Eq., 158, 170. *Cancellation of deeds:* 53 S. C., 24; 37 S. C., 285. *Sufficiency of tender of performance:* 26 R. C. L., 626, 652; 109 S. C., 352; 84 S. C., 41; 9 S. C., 265; 5 S. C., 462. *No beneficial interest in the trustee:* 99 S. C., 307; 99 S. C., 118; 2 N. & McC., 592.

*Mr. James M. Patterson,* for *Mrs. Moylin M. Sams,* respondent, cites: *Force of findings of fact by Master sustained by Circuit Judge:* 91 S. C., 473; 92 S. C., 113; 105 S. C., 1; 105 S. C., 600; 108 S. C., 232. *Deed void as a fraud on the dower right of wife:* 117 S. C., 24; 9 Rich. Eq., 513; 96 S. C., 86; 11 Rich., 417; 27 S. C., 286; 50 S. C., 444.

*Messrs. Anderson, Cann & Cann* and *J. Henry Johnson* for *J. M. Lawton,* respondent. cite: *Husband cannot before marriage make deed to defraud wife of dower right:* 117 S. C., 24; 37 S. C., 285; 96 S. C., 86. *Manner in which dower may be divested or barred:* 1 Civ. Code 1912, Sec. 3469-71, 3479-84; Act. 173, 1919; Act. 599, 1920; Act. 600, 1920; 44 S. C., 195; 16 S. C., 91; 20 S. C., 500; 33 S. C., 194; 48 S. C., 458; 52 S. C., 104; 63 S. C., 128; 87 S. C., 47; 89 S. C., 175. *Purchaser should be protected against inchoate right:* 77 S. C., 64.

September 26, 1923. Rehearing refused November 12, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

Mrs. Moylin M. Sams married Duncan Sams in 1906. Two days before their marriage, Duncan Sams conveyed practically all of his land in Allendale County to his sister, Miss Emma L. Sams, and his real estate in Cherokee County to his brother, R. O. Sams. He took a bond and mortgage from his sister for $40,000. The Cherokee lands are not involved in this suit. Afterwards Duncan Sams took a

deed from his sister of the Allendale land to himself as trustee for his three daughters, his codefendants, and canceled the mortgage. This deed gave him full control of the lands, with power of sale.

Duncan Sams admitted that these deeds were made in contemplation of his marriage and to eliminate the wife's dower. Duncan Sams then made a contract with the plaintiff to sell him the plantation covered by this deed, to himself as trustee. The plaintiff wants the land, and Duncan Sams is willing to convey, but he insists on making the conveyance as trustee. Before the time for the completion of the sale, Mrs. Moylan S. Sams notified the plaintiff that she claims that the whole transaction was pretensive and fraudulent, and that she is entitled to her inchoate right of dower in the land. Duncan Sams is willing to convey as trustee, but not individually. Duncan Sams' purpose is to defeat his wife's right of dower. If Sams conveys as trustee, he denies his wife's right of dower. If he conveys individually, he admits it.

The plaintiff seeks by this action to protect himself from the inchoate right of dower in Mrs. Moylin M. Sams. He therefore asks that the deeds between Duncan Sams and his sister, Miss Emma L. Sams, be canceled of record; that Duncan Sams be adjudged to be the real owner; that he make his conveyance individually, and one-sixth of the purchase money be reserved to pay off Mrs. Sams' dower, if she shall outlive her husband.

The case was referred to Randolph Murdaugh as special Master, who found that the deeds were fraudulent and void, and recommended that they be canceled. He found that Mrs. Moylin M. Sams is entitled to an inchoate right of dower, and recommended that the plaintiff execute to Duncan Sams a special bond and mortgage to be held for the payment of Mrs. Moylin M. Sams' dower, if she shall survive her husband. The Circuit Judge affirmed the report, and made it the judgment of the Court. (Mrs. Moylin M.

Sams heretofore brought an action against Duncan Sams for alimony, etc., and to cancel these deeds. This Court [117 S. C., 312; 108 S. E., 921] held that the statute had barred the action to cancel the deeds, but granted the rest of her claim.)

From this judgment the defendants, except Mrs. Moylin M. Sams, appealed.

The appellants' argument states three questions:

"(1) Did the Circuit Judge err in holding that Mrs. Moylin M. Sams had not lost her rights in the affected premises by reason of laches, or by reason of her failure to commence an action within six years after the discovery of the facts constituting the fraud?"

In the case of *Sams v. Sams,* 117 S. C., 312; 108 S. E., 921, this Court held that Mrs. Moylin M. Sams had let her six years pass and her right to bring an action was barred. The right of Mrs. Moylin M. Sams to treat the deed as fraudulent and void was not before the Court in *Sams v. Sams, supra,* and could not be decided. It is before the Court now and decided. In *Jackson v. Plyler,* 38 S. C., 501; 17 S. E., 258 (37 Am. St. Rep., 782) we find:

"So here the statute does not have the effect of converting a fraudulent deed into a valid deed, by reason of the lapse of the prescribed time, but it simply forbids the right of action for relief on the ground of fraud; and hence, if the question as to the fraudulency of the deed arises in any other way than in such an action, there is nothing in the statute which forbids its being assailed for fraud. It seems to us that the case of *Amaker v. New,* 33 S. C., 35, *supra,* is so entirely conclusive of this question that we need not consider it further."

Mrs. Moylin M. Sams did not bring this suit. The statute does not say that she cannot defend her rights against a fraud after six years, and the Court has neither the power not the inclination to amend it. This point cannot be sustained.

II. (2) "Did the Court err in canceling the deeds complained of when all interested parties had acquiesced in them except Mrs. Moylin M. Sams, whose right to attack them had been adversely acted upon in the case of *Sams v. Sams, supra?*"

Mrs. Moylin M. Sams is defending herself in this action from a fraudulent deed. She is not attacking. This Court has not held that she has lost her inchoate right of dower.

III. (3) "Should the Court modify the decree in this case by requiring the plaintiff to accept the deed of D. Sams, trustee, and by requiring the plaintiffs to pay the costs of this action?"

There is only one modification to be made, and that is that the bond and mortgage for the one-sixth interest, the dower of Mrs. Moylin M. Sams, shall be deposited with the clerk of the Court of Allendale County, to await the event of the death of Mr. or Mrs. Sams.

Except as modified, the judgment appealed from is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES COTHRAN and MARION concur.