13081

STATE v. STONE

(157 S. E., 137)

June, 1930.

Mr. *Allan Johnstone,* for appellant,

*Mr. H. L. Blackwell, Solicitor,* for the State.

March 3, 1931.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is a criminal action, under the statute, for failure to support a minor child. Defendant and his wife were married in July, 1928, and lived together until April, 1929, when she left him and returned to the home of her parents. In July, 1929, while she was living with them, a child was born to her, and it is for failure to support this child that defendant was indicted. The child has been in the possession of the wife at the home of her parents, who have supported it since its birth.

At the trial of the case defendant presented seven requests to charge as follows:

"1. The husband is the legal head of the family and has a right to choose the place at which his wife and child shall live."

"2. There is no legal responsibility resting on a man to support his wife or child in any place except in the home which he has provided for them, provided he be without fault in the separation."

"3. The legal responsibility resting on a man to support his wife extends only to support according to his station in life and according to his abilities. The law does not require him to grant all the whims or requests of his wife or to incur obligations beyond his means provided he exerts himself to earn what means he can."

"4. A husband is entitled to the services of his wife in the care of his home and to her reasonable labor in keeping that home."

"5. A wife who, without just cause, leaves her husband and continues of her own will to live apart from him and keeps with her the minor child of the couple, thereby as-

sumes responsibility for her own support and that of the child and the husband cannot be required to provide it."

"6. Where the relatives of a wife and her minor child harbor the wife and child when she has left her husband without just cause and voluntarily support the child and make no demand on the father of the child for its support, the father is not legally liable for the support of the child so long as it is so held."

"7. A father is entitled to the society of his child and when the child is withheld from him without just cause and he is wrongfully denied its society he cannot be required to provide for it."

The Court charged the first request with this addition: "That is true, provided the man provides a suitable place and is willing to take care of them." Appellant contends that the addition of the qualifying language was error, in that the inference from this language was that the defendant had not provided a suitable place for his child to live and was not willing to take care of it, these being questions of fact for the jury. There is no merit in this contention; the additional language contains no intimation as to the Court's view of the facts.

The trial Judge refused the other requests. In so far as the second, third, fifth, sixth, and seventh requests are concerned, we think they are substantially covered by the general charge. Nor do we think appellant has any right to complain of the refusal to charge the fourth request. The principle embodied therein is hardly applicable, without modification, to the present case. There was testimony tending to show that the wife left the home because the husband failed to support her there, and certainly he would not be entitled to her services in the home if the jury find this testimony to be true.

Error is also imputed to the trial Judge in telling the jury, in connection with his refusal in the second request. "It is a question of fact for you as sensible men

to determine what is just cause or excuse," the contention being that, what is just cause or excuse for failure to support a minor child is a question of law. The contention as stated is too broad; the question of what is just cause or excuse is one of fact for the jury unless only one conclusion as to the justness of the particular cause or excuse relied upon can be reached. For example, adultery on the part of the wife is, as a matter of law, just cause or excuse for the husband's failure to support her, this being a matter about which reasonable men could not differ. *State v. Lancaster,* 135 S. C., 412, 133 S. E., 824. If it be conceded that the wife's leaving home without just cause, and continuing, after the birth of a child, to live apart from her husband, and retaining the custody of the child, etc.—which was attempted to be shown in the present case as the husband's justification for failure to support the child—if proved to the satisfaction of the jury, would constitute, as a matter of law, just cause or excuse for the husband's failure to support the child, then appellant has no ground for objection to the charge complained of, since the trial Judge in his general charge told the jury, in effect, that such circumstances, if proved, would be a defense. The conflicting testimony made an issue of fact for the jury as to why and under what circumstances the wife left the home, and the Court in his general charge laid down the principles which they should apply to their finding of fact as it related to the question of the justness of the cause or excuse relied upon.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN and CARTER and MR. ACTING ASSOCIATE JUSTICE COSGROVE concur.