16116

COOK v. COOK
(49 S. E. (2d) 9)

*Mr. John E. Stansfield,* of Aiken, for Appellant,

*Mr. George Bell Timmerman, Jr.,* of Lexington, for Respondent,

The order of Judge Greneker follows:

This matter comes before me on the defendant's written exceptions to the Report of the Special Referee.

This action was brought by the plaintiff against her husband, the defendant, for a legal separation, alimony, and counsel fees. She alleged in substance in support thereof that she had been abandoned by the defendant.

The defendant seasonably answered denying that he had abandoned plaintiff and asking that her interest in his property be declared forfeited, that he be relieved from supporting her, and that she be declared not entitled to alimony and counsel fees, alleging in substance in support thereof that she had abandoned him.

The Special Referee found as a fact that the plaintiff had been abandoned by her husband, the defendant, without just cause or excuse and that he had failed to properly contribute to her support in keeping with his ability to do so, and concluded that the plaintiff is entitled to a decree of separation, alimony and counsel fees.

After a careful consideration of the record, it is my opinion that the report of the Special Referee should be confirmed except as to a decree of legal separation. The testimony of the plaintiff seems to show that she does not desire a decree of separation.

The plaintiff is 47 years of age. The defendant is two years younger. They were married in 1925 and lived together from then until the early part of 1946 at which time the defendant gave up their home where they had been living in Cayce, S. C., since November 1945, and moved his wife and their household possessions to her mother's home in Aiken County. There he left her and returned to Cayce where and in the vicinity of which he has continued to work and to maintain a home for himself separate and apart from her. During the fall of 1946, the defendant told his wife that he

had a house for them in view and that he would send for her; but the defendant did not send for her and he has not provided a home for her since he first carried her to her mother's home in the early part of 1946. From that time, the early part of 1946, until April 14, 1947, the date of the Reference, the plaintiff only received from the defendant about $199.00 or an average of less than $4.00 a week and of this amount $140.00 was collected by plaintiff as rent from her husband's farm in Aiken County.

The record shows that the defendant is capable of earning and is earning sufficient income to support both himself and his wife. He owns a fifty (50) acre farm in Aiken County where he and his wife lived and farmed for a number of years before moving to Cayce, S. C., in November, 1945, but which he now has rented out. By his own admission, he is now working as a night watchman at Fairwold, near the City of Columbia, S. C., where he is averaging "$38.00 to $39.00 a week." In addition to his present employment and farming experience, he has had experience as a tractor driver, a policeman and a carpenter.

The defendant, in his Answer, alleged in part that "his earnings are entirely sufficient to support plaintiff had she remained with him as his wife" but that since she abandoned him "he is not now disposed to make further contribution toward her maintenance and support."

On pages 42 and 43 of the testimony, the defendant testified in part, as follows :

"Do you have any objection in supporting your wife now? She has never asked me.

"Do you have any objection to supporting her? I don't know whether I understand the question or not.

"Do you have any objection to support her? I do, when she is suing me.

"Do you have any intention of supporting her? No, when she is suing me.

"And you have no intention of providing a home for her? Not when she is suing me.

"You don't intend to do that—provide a home for her? Not while she is suing me.

"And since she moved you have not provided a home for her? It was her desire to move.

"You have not provided a home for her? No, sir.

"And you have not supported her? It was not my desire to do so.

\*     \*     \*

"Well are you willing to support her? I don't intend to support her.

"If she would drop this lawsuit would you provide a home for her and support her, take her into a home and let her live with you? I am boarding now.

"Would you take her there to board with you? She wouldn't board where I am at because I only have one room.

"It is customary for a man and wife to stay in the same room? I don't think it would be with her suing me.

"Would you not be willing to provide a home for her where you are living? I don't think she would stay there."

At page 46 of the testimony the defendant testified as follows:

"I believe in your Answer you are asking the Court to deprive your wife of her dower right in your property? Is she going to give me one in hers, I will give her a right in mine if she gives me one in hers.

"You don't want her to have a dower right in your property and you don't want to support her? Not unless she gives me one in her property.

"That is, you don't want her to have a dower in your property, and you don't want to support her, and you don't want to maintain a home for her? No answer."

## Redirect Examination

By Mr. Carroll: "And up to the time of this suit you would have been willing for her to have all your interest in your property? Sure.

"Since this suit has been brought, you have made no contribution to her? No, sir.

"You didn't overlook it? No, sir.

"You intentionally made no contribution to her for the reason that she had left your home? Yes, sir."

It seems clear from the testimony that the defendant is unwilling to provide for his wife and apparently is unconcerned about her; that for almost a year before this suit was instituted he had made little contribution toward her maintenance and support in keeping with his earning capacity; and that the nearest he came to providing a home for her was a promise which was never fulfilled.

As was aptly said in *Sams v. Sams,* 117 S. C. 312, 108 S. E. 921:

"* * * The desertion, to a woman of any sort of refinement of feeling, was absolute. * * * He took her from his house, left her in Allendale an object of charity; sent her back to her family; never notified her that he was ready for her return; constantly advised her that his movements were uncertain. The defendant husband deserted his wife, the plaintiff, and she was entitled to at least the alimony accorded to her by the judgment appealed from the counsel fees."

The Special Referee found, and the testimony shows, that the plaintiff has been guilty of no conduct which would warrant the defendant in leaving her or which would relieve him from his duty to maintain and support her.

Abandonment of a wife by her husband has been frequently recognized as a good ground for granting alimony in this State. *Hair v. Hair,* 10 Rich. Eq. 163; *Rhame v. Rhame,* 1 McCord Eq. 197, 16 Am. Dec.

597; *Wise v. Wise,* 60 S. C. 426, 434, 38 S. E. 794; *Sams v. Sams,* 117 S. C. 312, 108 S. E. 921. See also, *State v. Bagwell,* 125 S. C. 401, 118 S. E. 767; *State v. Free,* 158 S. C. 515, 155 S. E. 838; *State v. Stone,* 159 S. C. 400, 157 S. E. 137; and *State v. Lynch,* 180 S. C. 11, 184 S. E. 153.

In *State v. Free, supra* (158 S. C. 515, 155 S. E. 839), it was said:

"The obligation of a husband to his wife is paramount, and it is his duty to provide her a home in accordance with his means, where she may live, as the object of his care and comfort, * * *."

In *State v. Lynch, supra* (180 S. C. 11, 184 S. E. 156), the following from *State v. Stone,* 111 S. C. 496, 98 S. E. 333, was quoted with approval:

" '* * * While it is ordinarily true that a husband is only required to furnish the necessities of life at his place of residence, yet, if he destroys his home and provides no other place where she can live, then, from the necessity of the case, she must live where she can live, and the place she can live is the place where he must provide for her.' "

And in *State v. Bagwell, supra* (125 S. C. 401, 118 S. E. 768), it was said:

"Marriage imposes upon the husband the duty at common law of providing the wife with a reasonably adequate and suitable home and support."

It is my opinion that the defendant should contribute to his wife, the plaintiff, for her maintenance and support, the sum of forty ($40.00) dollars per month payable each month until the further Order of the Court.

Now, therefore, it is ordered, adjudged and decreed:

1. That the Report of the Special Referee be and the same is hereby confirmed as the Order of this Court except so far as respects a decree of legal separation between the parties as husband and wife and as to that the same is denied.

2. That the defendant be and he is hereby required to pay unto his wife, the plaintiff, for her maintenance and support, the sum of forty ($40.00) dollars per month payable on the first day of each month hereafter until the further order of the court.

3. That the defendant be and is hereby required to pay unto his wife, the plaintiff, the sum of one hundred and twenty-five ($125.00) dollars as a reasonable attorney's fee herein.

4. That the defendant pay the costs of this action.

July 30, 1948.

PER CURIAM.

After careful study of the record, we find it difficult to improve upon the order of the Circuit Court; therefore let it be reported as the opinion of this Court.