ANNA ZINNO *vs.* ALBERT ZINNO.

JUNE 25, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

100

CAPOTOSTO, J. This is a petition for divorce on the ground of neglect to provide. The case is before us on the petitioner's exception to the decision of a justice of the superior court denying and dismissing the petition.

The parties were married August 21, 1948 and have one child. From the time of the marriage and for some time thereafter they lived with respondent's parents. This is the third petition brought by petitioner for absolute divorce on different grounds. The first, charging extreme cruelty, was commenced September 25, 1950 and denied January 31, 1951; the second, alleging extreme cruelty and gross misbehavior, was begun June 12, 1951 and denied February 11, 1952; and the third, or instant case, for neglect to provide was instituted February 21, 1953.

Omitting all details, the gist of petitioner's testimony was that she no longer wanted to live with her husband's parents; that although she had often requested him to provide a home for her elsewhere he had neglected or refused to do so; that for this reason she finally left him and went to live with her parents; and that thereafter he had refused to provide means for her support. Her interests alone are here involved, since there was evidence showing that she received money regularly for the support of the child. On the other hand, respondent testified that he had always supported his wife until she left him without just cause; that during the time she was away from him he had offered to and actually did find a place where they could live by themselves, and that she either refused his offer or told him "she wasn't ready yet."

The evidence was conflicting as to whether, after the denial of the second petition for divorce in February 1952, petitioner ever offered in good faith to return to her husband if he provided a home away from his parents. Without referring to repeated instances of her indefinite testimony on this point, in answer to a number of questions by the court she finally said that such an offer was made by her in April or May 1952. In denying and dismissing the petition now before us the trial justice left no doubt of his appraisal of her credibility when he stated in his decision that he was "convinced she never offered to return to her husband, she never wanted to."

The determinative question in this case is whether a wife, who has abandoned or continued to live apart from her husband without just cause, is entitled to support until she offers in good faith to return and live with him under conditions reasonably related to and consistent with the existing circumstances. A wife who has been denied a divorce, as here, and thereafter continues without cause to live apart from her husband can reinstate herself to the right of maintenance only by offering to resume her duties as a wife.

Until she makes such an offer in good faith the husband is not required to solicit her return nor is he bound to provide for her support in the meantime. *Burns* v. *Burns,* 50 R. I. 129. In view of the plain language in that opinion the petitioner's attempt to limit the scope of the *Burns* case is without force.

The authorities from other jurisdictions, including *Fraser* v. *Fraser,* 87 N. J. Eq. 633, and *Brewer* v. *Brewer,* 79 Neb. 726, which are relied upon by petitioner, have been examined and found inapplicable in the case at bar. We do not disagree with the holding in the aforementioned cases to the effect that ordinarily a wife, who is without fault, cannot be required against her will to reside with the family of her husband's parents for the reasons given by the court in those opinions. However, the facts hereinbefore set forth in the instant case are quite different and are clearly distinguishable from those in both the above-cited cases.

Applying the law as stated in the *Burns* case to the finding of fact by the trial justice in the case here that, after the denial of her second petition for divorce, petitioner did not offer or want to live with her husband even though he established a home away from his parents, it necessarily follows that as long as she maintained such attitude he was under no obligation to provide for her support. On the facts as viewed by the trial justice there was no error in denying and dismissing the present petition.

The decision under review could also be sustained on an entirely different ground. The granting of a divorce for neglect to provide is controlled by general laws 1938, chapter 416, §2. That section expressly states that the neglect necessary for petitioner to prevail must be "for the period of at least one year *next* before the filing of the petition." (italics ours) In *Hurvitz* v. *Hurvitz,* 44 R. I. 478, the court, after stating that the word "next" in the quoted clause was purposely used by the legislature in fixing the *termination* of the period of time the neglect and refusal to provide neces-

saries must continue in order to constitute a valid ground for divorce, held that unless it appeared that such neglect continued for at least one year immediately preceding the filing of the petition a divorce could not be granted on that ground.

It is well to recall that petitioner's second petition for divorce was denied February 11, 1952 and that the one in the instant case was brought February 21, 1953. Viewing the evidence most favorably to her and assuming that before bringing the instant petition she did make in April or May 1952 a proper offer in good faith to return and live with her husband, as she testified but which the trial justice did not believe, the period elapsing between her offer to return and the bringing of the instant petition was two or three months less than a year. Therefore, it failed to satisfy the jurisdictional requirement of the above-mentioned provision of the statute.

The petitioner's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Ralph Rotondo, Thomas D. Pucci,* for petitioner.

*Isidore Kirshenbaum, Max Levin,* for respondent.