### 13021

HUGGINS v. ATLANTIC COAST LINE R. CO.

(155 S. E., 889)

April, 1930.

*Mr. F. L. Wilcox,* for appellant,

*Mr. C. T. McDonald,* for respondent,

November 7, 1930.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

As stated in the opinion of Mr. Justice Cothran, this is an action on account of the damages alleged to have been sustained by reason of the negligence of the defendant in obstructing a flow of water from Lynch's river in such a way as to flood the storehouse and stock of goods of the plaintiff.

The case was tried before Hon. R. W. Sharkey, Judge of the Civil Court of Florence County, and a jury, which resulted in a verdict in favor of the plaintiff for $272.00.

There are only two questions raised by the appellant, and they are properly stated by Mr. Justice Cothran. We agree with him in his disposition of the first question, and adopt his statement of facts in his discussion of the second question.

The doctrine has been too long and too well established in this Court to need citations here that, where there is any evidence to support the plaintiff's case, it should be submitted to the jury and a directed verdict should not be granted.

Upon examination of all the testimony disclosed by the record, we are of the opinion that there was some evidence—we do not pass upon its sufficiency, for

as just stated, that is for the jury—tending to show that the railroad bed so dammed the flow of the flood waters as to be a proximate cause of plaintiff's damages. Practically every witness for plaintiff said, in substance, that the water on the upper side of the railroad, and next to the plaintiff's store, was several feet deep, and deep enough in which to paddle a boat, but on the lower side of the railroad bed the ground was not covered with water. According to the testimony of the defendant's engineer, the railroad bed was on an average of two feet higher than the highway, and there was some evidence that the water was level or practically so, with the railroad bed, and that water stood over the highway deep enough to drown out cars and to stop traffic' for a period of time. It was admitted by defendant that it had, in recent years, narrowed the passages used for drainage under its railroad bed, and had put in culvert pipe where it had formerly used trestles.

Mr. Justice Cothran takes the position that the highway which ran parallel with the railroad and between it and plaintiff's property, caused the flooding of plaintiff's storeroom and premises, and that there was no evidence tending to show that the water ceased to flow across the highway and was backed over it by the railroad bed toward the plaintiff's property. We think, however, that there was some evidence from which the jury may have reached a conclusion contrary to the view of the distinguished Justice. Mr. Oliver, assistant engineer for the railroad, testified in reply to the following question by defendant's attorney:

"Q. I believe you said when you first got there the water was over the highway and was level from the railroad track?

"A. Yes, sir."

While it might be well argued that the damming of the water by the highway was a contributing cause of the plaintiff's damage, just as it might be well argued that an act of God, to wit, the excessive rain, was a contributing cause to the plaintiff's damages, yet this would not relieve the defendant from liability. As stated in 45 C. J., 920:

"As a general rule, it may be said that negligence, to render a person liable, need not be the sole cause of an injury. It is sufficient that his negligence, concurring with one or more efficient causes, other than plaintiff's fault, is the proximate cause of the injury. So that where several causes combine to produce injuries, a person is not relieved from liability because he is responsible for only one of them, it being sufficient that his negligence is an efficient cause, without which the injury would not have resulted, to as great an extent, and that such other cause is not attributable to the person injured."

Again, at page 924, it is said:

"Where several causes producing an injury are concurrent and each is an efficient cause without which the injury would not have happened, the injury may be attributed to all or any of the causes, and recovery may be had against either or all of the responsible persons, although one of them was more culpable, and the duty owed by them to the injured person was not the same."

A part of the syllabus in the case of *Settlemeyer v. Southern Railway—Carolina Division,* 91 S. C., 147, 74 S. E., 137, is as follows:

"There may be a recovery upon evidence tending to show that an injury was caused by the negligence alleged in the complaint operating as a proximate cause in conjunction with another independent proximate cause not alleged."

It is also well established in this State that the question of a proximate cause is ordinarily a question for the jury. *Doolittle v. Railway,* 62 S. C., 130, 40 S. E., 133; *Schumpert v. Railway,* 65 S. C., 332, 43 S. E., 813, 95 Am St. Rep., 802; *Rinake v. Manufacturing Co.,* 55 S. C., 179, 32 S. E., 983; *Carson v. Railway Co.,* 68 S. C., 55, 56, 46 S. E., 525.

In my opinion, the judgment of the lower Court should be affirmed. A majority of the Court agreeing with this view, it is so ordered.

MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE COTHRAN (dissenting) : This is an action for damages on account of the damage alleged to have been sustained by reason of the negligence of the defendant in obstructing the flow of water from Lynch's river in such a way as to flood the storehouse and stock of goods in the possession of the plaintiff, Huggins.

The case was tried before Hon. R. W. Sharkey, Judge of the Civil Court of Florence County, and a jury; the result being a verdict in favor of the plaintiff for $272.00.

On account of the failure of the plaintiff to prove title to the lot and building where his store was located, the trial Judge limited his recovery to damage done to the personal property which he owned beyond question.

There are two questions raised by the appellant:

1. Whether the Civil Court of Florence County had jurisdiction of the case as one involving title to real estate, not within its statutory jurisdiction; and

2. Whether the motion of the defendant for a directed verdict in its favor should have been granted upon the ground that there was no evidence tending to show willfulness or negligence on its part as a proximate cause of the damage sustained by the plaintiff.

Upon the first question, as the Court limited the plaintiff to a recovery on account of damage to personal property, and it is assumed that the verdict was in harmony with that instruction, the question of jurisdiction need not be considered.

A solution of the second question requires an explanation of the situation and of the events, the basis of the action:

It appears that the plaintiff occupied a store building with residence overhead, at a place called New Hope, in Florence County, on the line of the defendant railroad company, between Florence and Charleston; the railroad double-track runs practically due north and south as it passes New

Hope, and is located upon a fill some six feet high; a little beyond the west line of its right-of-way, and parallel with it runs the paved Coastal Highway, also located upon a fill but slightly lower than the level of the railroad track; the plaintiff's "messuage" is located very near and fronting the Coastal Highway; north of New Hope and some three miles from Lynch's river, both the railroad and the highway cross the river; between Lynch's river and New Hope there are several streams tributary to the river, crossed by the two highways mentioned, and under both are drains and culverts and over some, trestles.

It appears that prior to 1929 there had been several seasons of very high water from the river and the tributary streams; the most serious was in September, 1928, when it seemed that "the windows of heaven were opened," and the valley of the river became a seething flood; the highway and the railroad were in the path of the flood, which came down from the river some three miles, making its way to join the river lower down; the country between the river and New Hope is flat and a sea of waters overwhelmed it.

The plaintiff testified that for a distance of two miles the water was running over the highway before it reached his store, that it then rose two feet at his store, evidently for the reason that the conduits under the highway were insufficient to carry off the oncoming flood.

The issue in the case is whether the fill upon which the railroad tracks were laid, admitting that the culverts under the tracks were insufficient to carry off the waters of the great flood, contributed proximately to the flooding of the plaintiff's property.

The fill upon which the Coastal Highway was constructed was about four feet high; it lay between the oncoming flood and the railroad fill, slightly lower in elevation than the tracks; for a distance of two miles between New Hope and Lynch's river, the water had risen to the top of the

highway fill, and was running over the highway at a depth of some six inches, filling the space between the highway and the railroad; the elevation of the plaintiff's property was lower than the elevation of the highway; and it being the primary obstruction, it seems inevitable that it caused the flooding of his property; as long as the water was running over the surface of the highway, there could have been no backwater from the railroad fill; there is no evidence tending to show that the water ceased running over the highway and was backed over it towards the plaintiff's property. It seems apparent that if there had been no railroad fill there at all, the plaintiff's property would still have been flooded by the immense waste of waters obstructed by the highway fill. The motion for nonsuit should therefore have been granted.

The judgment of this Court should be that the judgment appealed from be reversed, and that the case be remanded for the entry of judgment of nonsuit under Rule 27.