13332

BRIDGE v. ORANGE CRUSH BOTTLERS *ET AL.*

(162 S. E., 325)

352

354

*Messrs. Park, McDonald & Todd,* for appellants,

*Messrs. Padgett & Moorer,* for respondent,

January 20, 1932.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The defendant Orange Crush Bottlers, a corporation under the laws of South Carolina, is engaged in the business of bottling and selling a certain beverage known as "Golden Orange Crush". It obtained the formula for, and the franchise to bottle and sell this soft drink from Orange Crush Company of Chicago. The principal place of busi-

ness of Orange Crush Bottlers is at Walterboro, in Colleton County, South Carolina.

Laurens Glass Works, Inc., is also a corporation created under and by the laws of the State of South Carolina; its principal place of business is at Laurens, in the County of Laurens, S. C. It is engaged in the manufacture and sale of glass bottles. In the bottling and marketing of the product known as "Golden Orange Crush" a specially designed bottle is used, known as a "Krinkly" bottle. Laurens Glass Works has a franchise from Orange Crush Company of Chicago to manufacture this bottle. These facts are set out in the Complaint.

Plaintiff alleges in his complaint, that on or about June 7, 1930 he was in the employ of Orange Crush Bottlers at Walterboro, S. C., engaged in its plant inspecting the bottles of carbonated beverages as they came from the machine. While so engaged he moved a crate of such bottles a few feet and set it down with care. One of the bottles exploded and he was so injured that he has lost the sight of one eye. That the bottles used for bottling Golden Orange Crush were the "Krinkly" bottles manufactured by the Laurens Glass Works, Inc., under its franchise from the parent Company of Golden Orange Crush, and furnished to Orange Crush Bottlers. That both of the defendants knew that the beverage with which the "Krinkly" bottles were to be filled, was Golden Orange Crush, which when charged with carbonated water made a compound which exerted a powerful pressure from the inside because of the carbonated gas used, hence if the bottle was defective an explosion was probable, and that these bottles so charged were to be handled by employees, put on the market, transported and sold as harmless. That because of this use of carbonic acid gas it was necessary that care be taken in the manufacture and inspection of them by defendants. That the defendants neglected these duties, which negligence combined and concurred in producing the injury of which plaintiff complains. That

bottles manufactured by Laurens Glass Works, Inc., did frequently explode even though handled and charged with said beverages with due care, and this fact was known to said defendant.

Plaintiff brought action in the Court of Common Pleas for Colleton County against both defendants.

Laurens Glass Works, Inc., after due notice moved before Hon. J. Henry Johnson, resident Judge of the Fourteenth Circuit, for an Order vacating and setting aside the attempted service of the summons and complaint on this defendant and dismissing the complaint as to it, on the ground that it appears on the face of the complaint that that defendant is not a resident of Colleton County; that its principal place of business is at Laurens, S. C.; that it is not engaged in any business in Colleton County and has no agent or property therein. Defendant also gave notice, that if the above stated motion were denied, it would move for an order requiring the plaintiff to make his complaint more definite and certain by stating separately the two alleged causes of action, viz; that alleged against the Orange Crush Bottlers and that alleged against the Laurens Glass Works, Inc.

In its notice of motion defendant stated that it appeared solely for the purpose of objecting to the jurisdiction of the Court, and of making its motion, and that it waived none of its rights, but expressly reserved them.

Judge Johnson refused the motion on both branches thereof and holds that: "There is but one cause of action set forth in the complaint, that is, an action charging both defendants with joint and concurrent negligence as the proximate cause of the injury." Let Judge Johnson's Order be printed.

From this Order Laurens Glass Works, Inc., appeals.

The exceptions and arguments cover a wide range and present questions and issues which do not appear germane to those made by the motion of the defendant, Laurens Glass Works.

The appellant's arguments begin with the postulates: "That the Court of Common Pleas for Colleton County has no jurisdiction of appellant, because:

"1. The complaint shows on its face that it does not state a cause of action against either defendant.

"2. The complaint does not state a single cause of action based on a joint liability of the defendants—that is on their joint and concurrent negligence in any particular.

"3. The action should have been dismissed as to this defendant-appellant."

It is urged that no cause of action is stated against Orange Crush Bottlers because there is no allegation of defect in the bottle which exploded to plaintiff's injury; which omission plaintiff endeavors to avoid by recourse to the plea of *res ipsa loquitur*.

It does not need the citation of the cases of our own Court to show that the rule *res ipsa loquitur* does not obtain in this State. The question here is does the plaintiff rely upon that rule?

Appellant holds that the case of *Herbert v. Parham*, 86 S. C., 352, is in exact analogy with this case. It is true that that case on its face does seem to support the argument of appellant—but an analysis of it reveals that it went off on a lack of proof. The same case came back to this Court, and it was held that the complaint—not so full as that in this case—stated a cause of action. In other words the question of the application of the rule *res ipsa loquitur* is prematurely presented. If on the trial plaintiff fails in proof to sustain his allegations of negligence, defendant has its remedy by appropriate motion.

Appellant by an able and elaborate argument seeks to show that there is no cause of action stated against Orange Crush Bottlers because that corporation was under no obligation or duty to the plaintiff to inspect and test the bottles purchased by it from its co-defendant, and therefore appellant cannot be joined with it in an action brought in that County. We

conceive that it may well be admitted that the general premise for which appellant contends is correct. But it is prematurely offered here. It may be that plaintiff can introduce evidence to show that because of special relations and conditions existing between them it was the duty of Orange Crush Bottlers to inspect and test the bottles bought by it from its co-defendant Laurens Glass Works, Inc. It appears on the face of the complaint that both of them were licensees from Orange Crush Company of Chicago anent these "Krinkly" bottles; one for the franchise to manufacture them, and one for the franchise to fill them with its carbonated beverages and sell them.

Appellant argues that it is apparent on the face of the complaint that it does not state a single cause of action based on the joint liability—the joined and concurrent negligence of the defendants. The proposition may be stated this way: the complaint does not state one cause of action against both defendants based on the joint liability of the defendants growing out of their joint and concurrent negligence. Reliance is on the case of *Pendleton v. Columbia Ry. G. & E. Co.,* 133 S. C., 331, for support of the proposition.

Nowhere in the opinion of the Court is joint and concurrent negligence defined, but the facts alleged in the complaint are treated as showing such negligence. It is significant, however, that the acts of each defendant alleged in the complaint acted contemporaneously—that is "co-operated" at the same time and place and together produced the injury.

This is presented in support of the contention that there is not one cause of action against and joint liability of the two defendants here, because the alleged acts of negligence charged against Laurens Glass Works, Inc., are shown to have occurred at Laurens at a time or times, and place other than those charged against Orange Crush Bottlers.

We do not think that the opinion, rightly construed, is authority for that view. We think the following excerpt from that opinion more correctly defines its holding:

"That a single injury which is the proximate result of the separate and independent acts of negligence of two or more parties subjects the tort-feasors even in the absence of community of design or concert of action, to a liability, both joint and several, is a proposition recognized and approved in this State and supported by the great weight of authority elsewhere."

Citing: *Mathewson v. Ry.*, 67 S. C., 499-514, 46 S. E., 335, 65 L. R. A., 266; *Steele v. Railroad Co.*, 95 S. C., 124, 126, 78 S. E., 705, Cooley On Torts, (3rd ed.) page 246; 38 Cyc., 488.

We can conceive of no logical reason why acts of negligence committed by two or more persons at different times and places may not follow their separate ways and finally meet and concur in producing an event which causes injury which gives to the injured one a single cause of action predicated upon the joint liability of those who set in motion the train of acts of negligence which culminated in the injury.

It is conceded in argument that if the complaint states one cause of action and a joint liability against both defendants growing out of their concurrent acts of negligence which were the proximate cause of the injury of which plaintiff complains then it is not amenable to the objections made by appellants motion. The Circuit Judge found that it did contain such a cause of action. We think the complaint states a *prima facie* case which entitles the plaintiff to his day in Court. How far his proof will sustain his allegations will be determined at the trial.

The other questions argued by appellant may properly be reserved for determination at the trial of the case, or if there be an appeal by any party to the action, when the appeal is heard by this Court.

It follows from our conclusions that the Order appealed from must be affirmed and the appeal dismissed.

It is so ordered.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICE STABLER and CARTER, and MR. ACTING ASSOCIATE JUSTICE E. C. DENNIS, CIRCUIT JUDGE, concur.