13565

SMITH v. CAROLINA MILLING CO.

(167 S. E., 553)

*Messrs. Lide & McCandlish,* for appellant, 

*Messrs. Gibson & Muller,* for respondent,

January 27, 1933.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This action grew out of a collision between a Buick automobile, the property of the plaintiff, and which was being driven by him, and a truck, the property of defendant, which was then being driven by Will Wall, an employee of defendant. The collision occurred in the Town of Dillon the night of August 3, 1928. The case was heard by Judge T. S. Sease and a jury, and resulted in a verdict for defendant.

The issues made by the appeal are set out in seven exceptions, but not so many questions are necessary to be decided.

All of the exceptions, save one, impute errors to the presiding Judge in his charge of the law. One exception imputes error in allowing the introduction of the ordinance of the Town of Dillon, which regulated the speed of automobiles in the town. If there was error here, it was harmless.

We may say, however, that we do not think it was error to admit the ordinance; the fact that the notices had not been posted as the statute required did not destroy the effect of the ordinance as some evidence whether the parties to the collision were observing due care in the circumstances.

The serious questions of the appeal relate to the charge of his Honor, the presiding Judge, and the questions of negligence *per se* growing out of alleged violation of the

statute of the State which regulates the use of brakes and lights on automobiles which are being used on highways of the State. There is a further issue relating to the alleged responsibility of the defendant under the doctrine of *respondeat superior*, as for its own alleged negligence, in that its truck was being used upon the highways without efficient brakes and without proper lights.

The Judge was requested by plaintiff to charge the jury in these words: "The Statutory law of this State is that every four wheel motor vehicle while in use on a public highway shall be provided with good and efficient brakes; and if you find from the evidence that the truck belonging to the defendant was being driven on the public highway without such brakes, then I charge you that this was negligence *per se;* and if such negligence was a direct and proximate cause of the injury and without which it would not have occurred your verdict must be for plaintiff."

A request similar in character, but which related to the lights which the statute requires shall be displayed on motor vehicles, was proffered by plaintiff. His Honor charged each request, *with this modification:* "If such negligence was the sole direct and proximate cause of the injury and without which it would not have occurred, your verdict must be for the plaintiff."

The error is patent. The jury was instructed in one breath that before they could find for plaintiff it must be shown that the truck was being driven on the public highway without efficient brakes, and shown further that that was the *sole direct and proximate cause of the injury;* in the next breath the jury was instructed that before they could find for plaintiff it must be shown that the truck was being driven on the public highway at night without the lights which the statute requires, and that that disregard of the statute was the *sole direct and proximate cause of the injury,* and without which it would not have occurred.

It is impossible that both of these breaches of the statute which constitute negligence *per se,* operating at the same time in the same case, could be the *sole direct and proximate cause of the injury,* without which it could not have occured. If either of them was a direct and proximate cause of the collision, and without which it could not occur, and there was no contributory negligence of plaintiff, then plaintiff was entitled to recover.

The complaint alleged as acts of negligence excessive speed, inefficient brakes, defective lights, failure to keep a proper lookout.

If plaintiff proved any of these acts of negligence, and proved it to be a direct and proximate cause of the injury without which it would not have occurred, he was entitled to recover, unless his own contributory negligence barred him.

"That the violation of a statute, although declared negligence *per se,* must be shown to have been the proximate cause of the injury, or at least a contributing proximate cause, is abundantly shown by the authorities and sustained by common sense and justice." *Cirsosky v. Smathers,* 128 S. C., 363, 364, 122 S. E., 864, 866.

In that case is found this reference, cited with approval:

"*Taylor v. Stewart,* 172 N. C., 203, 90 S. E., 134, was a case of exactly the same character as the case at bar. It was held that the operation of a car by a minor in violation of the statute was negligence *per se,* but the Court added:

" 'It does not follow, however, that the defendant is liable in damages, for the plaintiff must go further and satisfy the jury by a preponderance of the evidence of the facts that such negligence was the proximate cause of the death of the child.' "

This rule states the law in full defense of the rights of the defendant.

To state the rule that each act of alleged violation of a statute is negligence *per se,* but plaintiff cannot recover un-

less he shows that each of said acts is the sole direct and proximate cause of the injury, is to impose on the plaintiff an unreasonable obligation of proof, and to relieve the defendant of a plain legal liability.

"As stated in 45 C. J., 920: 'As a general rule it may be said that negligence, to render a person liable, *need not be the sole cause of an injury*. It is sufficient that his negligence, concurring with one or more efficient causes, other than plaintiff's fault, is the proximate cause of the injury.'" *Huggins v. A. C. L. R. Co.,* 158 S. C., 501, 155 S. E., 839, 840. See, also, *Settlemeyer v. Southern Ry.-Carolina Division,* 91 S. C., 147, 74 S. E., 137.

The remaining issue may be thus stated:

Is defendant liable if it be shown that its truck was not equipped with efficient brakes and the proper lights required by the statute, if it also be shown that at the time of the collision the defendant's truck was being operated on the highway by defendant's servant upon the personal mission of the servant?

The Judge correctly charged the law of the doctrine of *respondeat superior,* if that law was applicable to the facts, and that was a question for the determination of the jury.

The error complained of by appellant in his seventh exception is contained in the words of a charge delivered to the jury at the request of defendant, as follows: "I charge you that the mere permissive use of an automobile by a third person would not of itself make the owner responsible in damages in a personal suit by one injured by such third person."

The appellant contends that while this may be in the abstract a correct proposition of law, it was improper in the present case because it ignored the statutory liability of defendant for permitting his truck to be operated on a highway of the State with unsafe and inefficient brakes, and without the lights required by the statute.

Respondent contends that this issue was not made in, nor considered by, the Court below, and should not be considered by this Court. We think respondent's contention is correct. It was patent that respondent sought to hold the attention of the Court to the application of the doctrine of *respondeat superior;* if appellant desired the instruction to the jury of the doctrine of the nondelegable duty of defendant to keep its truck equipped with efficient brakes and proper lights as the statute required, and that if it permitted the constant use of the truck on the highways without these equipments and injury resulted to others, it would be liable in damages independently of the rule of respondeat superior, it should have asked for it.

The Court does not intend to intimate any opinion as to the correctness of the position for which appellant contends in this exception. It is overruled, for the reason that the matter was not presented to, nor passed upon by, the Circuit Court.

Exceptions two, three, four, and five are sustained. The judgment of the Circuit Court is reversed, and the case remanded to that Court for new trial.

Mr. Chief Justice Blease and Mr. Justice Carter and Circuit Judge W. H. Townsend, Acting Justice, concur.

Circuit Judge M. M. Mann Acting Justice (dissenting) : I dissent from the majority opinion rendered by Mr. Justice Bonham for the reason that I do not consider that the error complained of was of probable ill consequence to the appellant, and therefore think it was harmless. Had there been no other instruction to the jury as to what constituted proximate cause, then the contention as to its serious import would have been well founded.

But at the very outset of a clear, concise, and correct statement of the law as to negligence, contributory negligence, and proximate cause, after having fully enumerated the various specifications of alleged negligence on which

plaintiff sought to recover, Judge Sease expressly charged the jury: "Now, it is not necessary for the plaintiff to prove all of the specifications of negligence; if he has proven one or more of them by the preponderance of the testimony, *and that was the direct cause of his damage and injury, it is sufficient to recover upon,* unless the defendant has proved by the preponderance of the testimony that the plaintiff contributed to his own damage and injury in some one or more of the specifications of contributory negligence alleged in the answer." (Italics ours.)

And in further effort to give the jury a clear meaning of what is meant by *proximate cause,* Judge Sease said: "Now, it makes no difference how negligent a person is, if no damage results *proximately* from that negligence no recovery can be had. It is not 'approximate,' it is a legal term, 'proximate,' and is such a cause as operates to produce particular consequences without the intervention of any independent cause, without which the injury would not have occurred. It is the real cause, the efficient cause, without which the injury would not have occurred." (Italics ours.)

And immediately follows a very apt illustration as to what *proximate cause* really is.

Applying the very sane and oft-repeated rule of this Court that when, in looking at isolated expressions, which, when taken without connection with other parts of the charge, might appear to be error, the whole charge must be looked at to see if the correct law was given, I think it very apparent that this charge must be held generally to have correctly announced the law, and that the jury could not have probably been misled by the request as given.

It seems to me that the error complained of comes within that class which at the time of utterance pass unnoticed by Judge, counsel, and jury, and become apparent only when counsel procures the transcript of the case, settles himself quietly in his office, puts on his glasses, concentrates upon it his differentiating, discerning mind, scrutinizes it with

his critical eye, and finds the error slowly rising out of the cold typed words as the hidden star gradually yields its likeness under the delicate lens of the patient astronomer.

It may be that the wish is father to the thought; but the writer, after years of experience on the Circuit bench, with its variety in character of cases, going out of one in which many principles of law are involved and have to be declared into another with as many or more principles but of entirely different aspects, going from day to day into case after case, making rulings "right off the bat," delivering charges on intricate phases of law with only the time engaged in argument to reflect upon the law and requests to charge (and sometimes they come by *pages and pages*), knows only too well how difficult it is for the trial Judge to run the gauntlet of so many encompassing difficulties and "get by" without having done something, or said something, that may have been found to be imperfect, incorrect, or inconsistent.

I think the judgment of the Circuit Court should be affirmed.