14146

LANDRETH v. ATLANTIC REFINING CO. *ET AL.*

(181 S. E., 727)

*Messrs. Morgan & Cothran,* for appellant,

*Messrs. W. E. Bowen* and *J. G. Leatherwood,* for respondent,

October 10, 1935.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This suit by W. R. Landreth, as plaintiff, against the defendants, the Atlantic Refining Company, City of Greenville, and J. H. Roe, was commenced in the Court of Common Pleas for Greenville County, April 29, 1933, for recovery of damages against the defendants in the sum of $7,-500.00, for personal injuries alleged to have been caused by certain acts and delicts of the defendants in the said County of Greenville. The City of Greenville demurred to the complaint on the ground, among others, that the place of the alleged injury was outside the city limits of the City of Greenville, and that, therefore, said defendant, City of Greenville, was not liable. The said demurrer was sustained and an order to that effect, consented to by counsel for the plaintiff, was issued by the Court. Answers were filed in the cause by the other defendants, each filing a separate answer, containing a general denial. Issues being joined as to these defendants, the case was tried in the said Court, May 23, 1934, before his Honor, Judge G. Dewey Oxner, and a jury. At the conclusion of the plaintiff's testimony, a motion was made by these defendants for a nonsuit. The plaintiff did not oppose the motion made by the defendant J. H. Roe, and a nonsuit was ordered as to that defendant. The motion was refused as to the other defendant, Atlantic Refining Company, and thereafter the Atlantic Refining Company introduced testimony and at the conclusion of all the testimony the Atlantic Refining Company made a motion for a directed verdict, which motion was refused, and the case was submitted to the jury. The jury returned a verdict against the Atlantic Refining Company for the sum of $3,750.00 actual damages. A motion for a new trial being made by this defendant, a

new trial *nisi* was granted, providing that if the plaintiff would remit the sum of $1,000.00 upon the judgment, a new trial would be refused. The plaintiff remitted the said sum of $1,000.00 and judgment was, therefore, entered against the Atlantic Refining Company in the sum of $2,750.00.

From the judgment entered on the verdict, the defendant Atlantic Refining Company has appealed to this Court, upon exceptions which will be considered.

It is the contention of the appellant that the trial Judge erred in refusing to grant the motion for a nonsuit, the motion for a directed verdict, and in ordering excessive printing of the record.

For the purpose of better understanding the position of the parties to the action, we quote the following from the allegations of the complaint:

"II. That prior to April 22, 1933, the defendant, City of Greenville, had placed on the sidewalk or public way running along Douglas Avenue, a water meter protector or shield, which stood about an inch and one-half above the surface of the said sidewalk; that Douglas Avenue leads from the Buncombe Road to the Cedar Lane Road toward Monaghan Mill, in the County and State aforesaid; that prior to said date, the defendant, J. H. Roe, the owner of the lot, store building and filling station situate between the junction of the said Douglas Avenue and the said Buncombe Road, had permitted and allowed the defendant, The Atlantic Refining Company, to place on said sidewalk an iron pipe used by the defendant, The Atlantic Refining Company, to transfer gasoline from the gasoline trucks to the underground tanks of said filling station, operated by or for the defendant, J. H. Roe; that said pipe stood about ten or twelve inches above the ground; that the said City of Greenville owns and operates a water system by which numerous and sundry persons and corporations are furnished water by said City for private gain, as distinguished from its municipal or governmental functions, outside the cor-

porate limits of the City of Greenville, and that said water meter was a part of said water system.

"III. That on said date, to-wit, April 22, 1933, plaintiff was walking along the sidewalk on said Douglas Avenue, struck his foot against the said water meter and was hurled to the ground, striking his head against the said iron pipe, the blow rendering him unconscious, cutting his face and head and giving to him serious, permanent, and painful injuries; that as a result of said injuries plaintiff's earning capacity has been permanently impaired, that said earning capacity was his only capital, constituted his private property, and that the acts and delicts of the defendants, combining and concurring with each other, resulted in the taking of private property by said defendants contrary to the State and Federal Constitutions.

"IV. That plaintiff's damage and injuries were the direct and proximate result of the willfulness, wantonness, carelessness and negligence of the defendants in the following particulars: (a) In the placing, by the said City of Greenville, of the said water meter protector or shield above the surface of the sidewalk, a much traveled public way; (b) in placing and permitting to be placed by the defendants, The Atlantic Refining Company, a corporation, and J. H. Roe, of the said iron pipe on said sidewalk; and (c) in allowing, causing and permitting said premises and sidewalks to be and remain in a condition dangerous to pedestrians and the traveling public, who for a long period of time had been accustomed to use said sidewalk or public way.

"V. That said acts of the defendant, City of Greenville, combining and concurring with the said acts and delicts of its co-defendants, The Atlantic Refining Co. and J. H. Roe, were the direct and proximate cause of plaintiff's injuries and damage, as above alleged, resulting in his being forced to suffer great physical pain and mental anguish, and constituting the taking of private property, as above alleged, in the sum of Seventy-Five Hundred ($7,500.00) Dollars."

The appellant's motion for a nonsuit was based upon the following grounds:

"1st. There is no evidence of negligence as being the proximate cause of the injury which can be attributed to either of the present defendants.

"2nd. That the fall of the plaintiff, if any, was due to his own negligence and want of care.

"3rd. The pipe upon which the plaintiff states that he fell was in no sense the cause of his fall.

"4th. There is no evidence of any negligence in the placing of the pipe or in its construction."

As stated, at the close of all of the testimony the appellant made a motion for a directed verdict. This motion was based upon the same grounds as the motion for a nonsuit and upon the additional ground "that this being a suit for a joint tort and the City of Greenville and J. H. Roe, two of the alleged joint tort-feasors, having been dismissed, there could be no recovery against the Atlantic Refining Company as a participant in a joint tort."

The allegations of error set forth in the exceptions, imputed to the trial Judge, are an amplication of the grounds upon which the motion for a nonsuit and the motion for direction of a verdict were based, reading as follows, which will be considered together:

"I. Because his Honor erred in refusing the motion of the appellant for a non-suit upon the first ground urged, to the effect that there was no evidence of negligence on the part of the appellant to go to the jury as being the proximate cause of the injury;

"The error being that any negligence of any of the parties which was the proximate cause of the fall of the plaintiff was the negligence of the City in regard to the exposed meter box over which the plaintiff stumbled. That the pipe which belonged to the appellant was not the proximate cause of the plaintiff's fall.

"II. Because his Honor erred in not sustaining the second ground of the motion for non-suit, to the effect that the fall

of the plaintiff, if any, was due to his own negligence and want of care;

"The error being that the testimony shows the utterly careless manner in which the plaintiff was walking and that such negligence was the sole cause of his fall.

"III. Because his Honor erred in not sustaining the third ground of the motion for non-suit, to the effect that the pipe upon which plaintiff states that he fell was in no sense the proximate cause of his fall;

"The error being that the fall of the plaintiff was due to the meter box and not to the pipe alleged to be owned by the appellant.

"IV. Because his Honor erred in not sustaining the fourth ground of the motion for non-suit, to the effect that there is no evidence of any negligence in the placing of the pipe or in its construction;

"The error being that the proof fails to show any facts tending to show such negligence and without such proof there was nothing to go to the jury on this ground.

"V. Because his Honor erred in refusing to direct a verdict in favor of the appellant upon the close of all the testimony upon the grounds alleged in the motion for a non-suit and upon the further ground that this being a suit for a joint tort and two of the alleged joint tort-feasors having been dismissed, there can be no recovery against the remaining defendants as a participant in a joint tort, the dismissal of the other two defendants being with the consent of the plaintiff's attorneys;

"The error being that a joint tort having been alleged in the Complaint with the City of Greenville as the principal offender and the defendant, J. H. Roe, and the defendant, Atlantic Refining Company, being incidental offenders, no recovery could be had against Atlantic Refining Company after the voluntary dismissal on the part of the plaintiff of his cause of action against the other two alleged joint tort-feasors."

As stated by appellant, the case starts out with three separate principals. The allegations as to the part each of these principals played are set forth in the portion of the complaint which we have copied above. For the reasons shown above, two of the principals were dismissed. The City of Greenville was dismissed on demurrer for the reason that it was not shown that the alleged injury occurred within said city; and the defendant, J. H. Roe, was let out on an order of nonsuit, it appearing from the proof in the case that the fall and the consequent injury of the plaintiff occurred on the sidewalk and no proof was produced connecting this defendant with it.

Therefore, the case went to jury against the other defendant, the Atlantic Refining Company, alone. The appellant contends that but for striking his foot against the meter box the plaintiff would not have fallen and would not have struck against the pipe in question, and that, therefore, his injury would not have occurred. It is the contention of appellant that the alleged acts of appellant could not be regarded as the proximate cause of this injury; that the proximate cause was the act of the other defendants and they having been discharged by the Court, with the consent of the plaintiff, the wrong cannot now be saddled upon the Atlantic Refining Company who had no part in causing the plaintiff to fall and become injured. In considering the question of proximate cause, the appellant calls attention to the case of *Keel v. Seaboard Air Line Ry.,* 122 S. C., 17, 114 S. E., 761, 763, and quotes from the opinion in that case the following, as supporting appellant's position: "The law of proximate cause requires an unbroken sequence between the prime act of negligence and the injury; and when it appears that an active cause intervened between the prime act and the injury, producing the injury, the prime act will not be deemed the proximate cause unless it appears that the intervening act was itself a result reasonably to have been expected from the prime act, in which case the connection between the prime act and the injury is maintained—the se-

quence is not broken. See the very clear statement upon the subject in *Sandel v. State*, 115 S. C. [168], 177, 104 S. E., 567, 13 A. L. R., 1268."

In this connection counsel for appellant states his position thus:

"It is admitted the cause of the fall was the meter box. There is no allegation nor is there any evidence that anyone falling against the pipe after striking his toe against the meter box and being thrown to the ground, could reasonably have expected the result that did happen. In other words, the prime act of the injury was the box. The meter box was physically present; his toe contacted it; he fell to the ground; he struck the pipe. The meter box and pipe were set at different times. Whichever was set first could not have been expected to be a link in a chain of circumstances that one day or another, by reason thereof, there would be a pipe or a box set up making an unbroken sequence of events in which somebody would be injured. The box can in no sense be attributable to the pipe, nor can the pipe be to the box. No allegation or proof that the pipe was other than in good repair and standing alone was harmless.

"It became an instrument of danger only when something else set the man in motion to contact it. If something else, with which appellant had no connection or control, set the man in motion, then, according to the evidence, the only reason he was injured was that the pipe got between him and the ground and that, too, in and during his fall and before he struck the ground. The pipe was, therefore, an instrument of intervention and not the prime act in that series of circumstances. The sequence between the prime act of negligence (the meter box) and striking the ground, as would have been natural, was broken by the intervention of the pipe, independently and disconnectedly of and with the box.

"The above conclusion is adaptable to cases of a threefold nature, generally, and determines the disposition of this case, specifically, because this is the allegation of paragraph V of the Complaint."

Paragraph 5 of the complaint, to which counsel for appellant refers, and to which we have made reference herein, is quoted above. It is the position of appellant that the allegations of said paragraph when carefully read, mean that "the said acts of the defendant City of Greenville, were the direct and proximate cause of plaintiff's injuries." While it is conceded by appellant that it is alleged by the plaintiff that this direct cause combined and concurred with the other defendants, that is, with the acts of the other defendants, appellant points out that there is no allegation by the plaintiff that the injury would not have happened but for the fact that the defendant J. H. Roe owned the land in question, and contends, in effect, that it takes such ownership to complete the chain alleged. In this connection appellant contends that the prime cause of the plaintiff's alleged injuries, charged agoinst the City of Greenville, moved through the ownership of Roe, who, it is alleged, permitted the appellant the use of his said land for the insertion of said pipe. Just here, appellant calls attention to the fact that the defendants City of Greenville and J. H. Roe were dismissed from the action and that the appellant, Atlantic Refining Company, was left as the only alleged offending party to answer for the injuries alleged to have been sustained by the plaintiff. Appellant calls attention to the rule that joint tort-feasors cannot be sued both separately and jointly and in this connection refers to the case of *Pendleton v. Columbia Railroad, Gas & Electric Company et al.,* 132 S. C., 507, 128 S. E., 711, and states that it takes cooperation to have resulted as alleged by the plaintiff. Appellant calls attention to the position that there is an allegation in the complaint "paragraph 5" that "said acts of the defendant, City of Greenville, combining and concurring with the said acts and delicts of its co-defendants" caused the injury.

In stating appellant's position on the questions raised by the appeal, counsel for appellant discuss several South Carolina cases, including cases cited by the respondent. However, under our view of the case, it is not necessary to discuss all

of the cases cited and discussed by counsel. Under our view of the case, the case is governed by the well-recognized rules stated in 45 C. J., pages 920-924, from which we quote, as follows:

"As a general rule, it may be said that negligence, to render a person liable, need not be the sole cause of an injury. It is sufficient that his negligence, concurring with one or more efficient causes, other than plaintiff's fault, is the proximate cause of the injury. So that where several causes combine to produce injuries, a person is not relieved from liability because he is responsible for only one of them, it being sufficient that his negligence is an efficient cause, without which the injury would not have resulted, to as great an extent, and that such other cause is not attributable to the person injured. But it must appear that the person sought to be charged was responsible for one of the causes which resulted in the injury. The concurring negligence of another cannot transform the remote into the proximate cause of an injury or create or increase liability therefor.

"Under the above rules the cause concurring with defendant's negligence may be the negligent act of a third person, if the act of such other is not imputable to the person injured, or such concurring cause may be an accident or an act of God, or some inanimate cause.

"Where several causes producing an injury are concurrent and each is an efficient cause without which the injury would not have happened, the injury may be attributed to all or any of the causes, and recovery may be had against either or all of the responsible persons, although one of them was more culpable, and the duty owed by them to the injured person was not the same. Where the injury results from two or more causes for all of which defendant is liable, it is immaterial which was the proximate cause."

The above-stated principles were stated and quoted with approval in the opinion written by Mr. Chief Justice Blease, as the organ of the Court, in the case of *Huggins v. Atlantic Coast Line Railroad Co.,* 158 S. C., 501, 155 S. E., 839, 840.

As stated, two of the defendants to the action at bar, against whom negligence was charged, were dismissed, but this did not absolve the other defendant, against whom neg-. ligence was charged and proven, from liability to the plaintiff. There may be a recovery against a defendant, against whom negligence is alleged and proven, resulting in injury to the plaintiff as a proximate cause in. conjunction with another independent proximate cause even not alleged. See the case of *Settlemeyer v. Southern Railway—Carolina Division,* 91 S. C., 147, 74 S. E., 137, from which case we quote the following from the syllabus of the opinion: "There may be a recovery upon evidence tending to show that an injury was caused by the negligence alleged in the complaint operating as a proximate cause in conjunction with another independent proximate cause not alleged."

In this connection we call attention to the rule expressed in the following language which we quote from the opinion in the case of *Huggins v. Railway Company, supra:* "As a general rule, it may be said that negligence, to render a person liable, need not be the sole cause of an injury. It is sufficient that his negligence, concurring with one or more efficient causes, other than plaintiff's fault, is the proximate cause of the injury."

We also call attention to the opinion of this Court written by Mr. Justice Bonham, as the organ of the Court, in the case of *Correll v. City of Spartanburg,* 169 S. C., 403, 413, 169 S. E., 84, 88: "So that where several causes combined to produce injuries, a person is not relieved from liability because he is responsible for only one of them, it being sufficient that his negligence is an efficient cause, without which the injury would not have resulted, to as great an extent, and that such other cause is not attributable to the person injured."

We agree with the contention of the respondent that, in the case at bar, it is reasonable to presume that the plaintiff's said injuries would not have been so great if he had not fallen against the pipe in question; and, further, it is rea-

sonable to presume that the plaintiff may not have been injured at all if he had not fallen against the pipe in question. At least, these questions were issues for the jury. Further, whether placing the said pipe and/or maintaining the same at the place in question constituted an act of negligence on the part of the defendant Atlantic Refining Company, which caused the plaintiff's said injury, as a proximate cause, or added to the severity or greatness of said injury, as a proximate cause thereof, were issues for the jury. Of course, it is the universal rule, needing no citation of authorities, that when more than one reasonable inference can be drawn from a given state of facts, or when more than one reasonable inference can be drawn from the evidence involving a certain fact or certain facts, a jury question is raised and the same must be submitted to the jury. In our opinion, the trial Judge properly refused the motion for a nonsuit and the motion for a direction of a verdict, and properly submitted the said issues to the jury.

As to the contention that the plaintiff's said injuries were caused by his own negligence, we deem it sufficient to state that, under the record of the case, it was incumbent upon the trial Judge to submit that issue to the jury. In this connection we call attention to the fact that the appellant has not raised any question regarding the Judge's charge to the jury and we must, therefore, assume that his Honor properly and fully charged the law applicable to the issues involved in the case.

The appellant also calls attention to the fact that in the settlement of the case the trial Judge ordered certain of the testimony printed in the case which the appellant objected to and contends that such testimony was unnecessary in presenting the appeal and caused unnecessary printing. Appellant further contends that the cost of this extra printing should be taxed against the respondent. We think, that, under the circumstances of the case, the trial Judge made a proper ruling on this question.

The exceptions are overruled and the judgment of the Circuit Court affirmed.

Mr. Chief Justice Stabler and Mr. Justice Baker concur in result.

Mr. Justice Fishburne (concurring) : In the case of *Pendleton v. Columbia Ry., G. & E. Co., et al.,* 132 S. C., 507, 128 S..E., 711, which was brought to recover damages for personal injuries alleged to have been caused by the joint and concurrent tort of the railway company and one Dicks, the driver of an automobile, this Court distinctly held that a plaintiff may recover against one only of two or more joint tort-feasors sued in the same action. The same principle was recognized and announced in *Webber v. Town of Jonesville,* 94 S. C., 189, 77 S. E., 857, and *Humphries v. Union & Glenn Springs R. Co.,* 84 S. C., 202, 65 S. E., 1051.

In the case at bar the appeal presents the issue that two of the defendants having been dismissed from the case—one by a directed verdict, and one by an order of nonsuit—the plaintiff may not recover against the remaining joint tortfeasor in the same action. I am of the opinion that to so hold would be to anounce an entirely different rule from that which now prevails, and properly prevails, in this jurisdiction.

This Court in the case of *Halsey v. Minnesota-South Carolina Land & Timber Co.,* 174 S. C., 97, 177 S. E., 29, 39, held unequivocally that "a complaint which states a joint liability of defendant is not affected by the fact that action is dismissed as to the other joint tort-feasors"; and cites in support of such holding 62 C. J., 1152.

This holding of the Court was in direct response to the following question therein made, and which squarely raised the issue: "This action, being based on an alleged joint and concurrent tort, and having abated as to Montague, could any recovery be had?"

And in this case the relationship of master and servant did not exist, as was true in *Rhodes v. So. Ry. Co.,* 139 S. C., 139, 137 S. E., 434.

The legal issue in the instant case is in no wise essentially dissimilar to that presented in *Halsey v. Minnesota-South Carolina Land & Timber Co., supra.* In the latter case, R. L. Montague, one of the defendant joint tort-feasors, died; in the case at bar, two of the defendant joint tort-feasors were eliminated by order of the trial Court. I can perceive no substantial legal distinction between these two happenings, insofar as the principle involved is concerned. The resulant effect on the lawsuit is the same.

For these reasons, and for the reasons given by Mr. Justice Carter, I concur in his opinion.

MR. JUSTICE BONHAM (dissenting) : It appears to me that the cardinal underlying issue made by the appeal herein has been misunderstood, and hence improperly decided upon inapplicable principles of law. I must, therefore, state the reasons for my dissent from the leading opinion.

The plaintiff with the most meticulous care, and in explicit language, charges a joint tort against the three defendants. He so alleges the facts as to show the close interrelation of the actions of each defendant leading to the resultant injury, of which the plaintiff complains. So specific is the relation of the manner in which the separate act of each defendant is interlocked with the act of each other defendant as to produce the resultant injury that one is reminded of the nursery rhyme of the "House that Jack Built."

That there might be no doubt that it was intended to charge and did charge all three of the defendants with joint torts which combined and concurred in producing one result which gave rise to one cause of action the plaintiff set out with studied reiteration the several acts of each defendant which made the chain of events on which he relied.

In Paragraph II of the complaint plaintiff alleges that the City of Greenville placed on the sidewalk on Douglas Avenue a water meter which stood about an inch and a half

above the level of the sidewalk; that said meter was a part of the water system owned by the city by which, for gain, it furnished water to patrons outside the limits of the city; that the defendant J. H. Roe owned a lot, store building, and filling station at the junction of Douglas Avenue and Buncombe Road upon which he permitted the defendant Atlantic Refining Company to place on the sidewalk an iron pipe used to transfer gasoline from its trucks to the underground tanks operated by the defendant Roe; that the pipe stood about ten or twelve inches above the ground.

Here, then, are the successive acts of the defendants as stated by the plaintiff.

In Paragraph III of his complaint the plaintiff, with particularity, states that on a day named he was walking along Douglas Avenue, *"struck his foot against the said water meter and was hurled to the ground, striking his head against the said iron pipe, etc."* (Italics mine.)

Can there be a doubt that plaintiff stated a chain of causes which he claims were necessary to produce the one result?

Further, to accentuate his intention to allege a chain of interlocking acts by the three defendants which produced the one result complained of, he states in Paragraph IV of his complaint the following: "That plaintiff's damages and injuries were the direct and proximate result of the willfulness, wantonness, carelessness and negligence of the defendants in the following particulars: (a) in the placing by the said City of Greenville of the said water meter * * * above the surface of the sidewalk, a much traveled public way; (b) in placing and permitting to be placed by the defendants, The Atlantic Refining Company, a corporation, and J. H. Roe, of the said iron pipe on said sidewalk; and (c) in allowing, causing and permitting said premises and sidewalk to be and remain in a condition dangerous to pedestrians," etc.

Here, again, are stated the consecutive links in the chain of acts which it is alleged led to the result.

In order that all doubt of the nature and legal character of these co-ordinated events should be dispelled, the plaintiff takes special care to declare them himself in Paragraph V of his complaint in these words: "That said acts of the defendant, City of Greenville, combining and concurring with the said acts and delicts of its co-defendants, the Atlantic Refining Company and J. H. Roe, were the direct and proximate cause of plaintiff's injuries and damage, as above alleged."

No attempt is made to state a several cause of action against the "co-defendants." The able counsel for plaintiff knew that they could not declare in the same complaint as and for a joint and several cause. So much is conceded by the leading opinion. It follows then that plaintiff cannot recover, unless he proves one or more acts of negligence for which the defendants are jointly responsible, or responsible by combined acts which concur in bringing about the result, as a proximate cause.

If these postulates be admitted, as they must be, it is incontestible that in order to hold the defendants guilty of a joint negligence it must be proven, as alleged in the complaint, that the act of the city in placing the said water meter on the sidewalk, and the act of the refining company in placing the iron pipe on the sidewalk, and the act of Roe in permitting it to be done, combined, as a proximate cause, to produce the result. The plaintiff has so alleged and he is bound by his pleadings. Does it need the citation of authorities to sustain that position? I opine that none will be demanded.

On the trial of the case the City of Greenville was eliminated by demurrer.

At the conclusion of the plaintiff's testimony, a motion for a nonsuit was granted as to Roe; and he went out of the case, carrying with him all the charges of negligence, and leaving no act of his with which the act of the refining company could combine and concur as the proximate cause of the injury. Now with these two defendants eliminated

from the case, the plaintiff did not amend his complaint to meet the changed conditions; he elected to stand on his complaint which alleged against the defendants as joint tort-feasors. He had the right to sue all or one of them, but he may not do so in one complaint. He must stand then on his complaint as against joint tort-feasors.

The predominant question for the determination of this Court made by the appeal is this; The plaintiff having planted his suit on a complaint which alleges a joint tort by three tort-feasors, and having alleged in his complaint a chain of separte acts of negligence by each of the defendants, which combine and concur in a chain, lead to a result which makes a single cause of action, and two of the defendants having been dismissed from the case, will the plaintiff be allowed to recover against the remaining tort-feasor in the same action? Incidentally, the question of proximate cause enters.

Let it be borne in mind that plaintiff has not alleged a joint and several cause of action.

It is submitted that the authorities cited by the leading opinion and relied upon by respondent's counsel do not apply to the facts of this case, and are not, therefore, authority in its decision. Many of them relate to cases which turn upon the doctrine of *respondeat superior*. Such issue does not arise in this appeal.

In the case of *Martin v. Hines,* 150 S. C., 210, 147 S. E., 870, relied on by respondent, the complaint alleged that Hines and Bailey drove their automobile at an unlawful and reckless rate of speed in one direction, and Brown drove his unlawfully in the opposite direction; they collided and plaintiff was injured. The Circuit Judge charged the jury that if the collision was due solely to Hines' negligence, they should find against him alone; if it was due solely to Brown's negligence, they should find against him alone; if it was due to their joint negligence, they could find against both. The verdict was against Hines alone.

The Supreme Court in sustaining the action of the lower Court did so on the ground that the complaint "did not bring the action on the theory of joint tort." Since there can be no doubt that the present action is one for "joint tort," that case is not authority in this. As stated in the argument of appellant's counsel, the case of *Huggins v. A. C. L. R. Co.,* 158 S. C., 501, 155 S. E., 839, is decided by the mistaken application of facts, and announces no principle of law of controlling interest in this case.

The case of *Settlemeyer v. So. Ry.—Carolina Division,* 91 S. C., 147, 74 S. E., 137, is quoted in the leading opinion as authority for this utterance: "There may be a recovery upon evidence tending to show that an injury was caused by the negligence alleged in the complaint operating as a proximate cause in conjunction with another independent proximate cause not alleged."

Admitted; but what application has that pronouncement to the facts of this case? The following principle announced in the *Settlemeyer case* has more applicability to the present case: "The complaint contains no allegation of negligence against the defendant with respect to the noise made by the rabbits, and, if the evidence had shown that the horse was frightened by that alone, the case would have failed; for a plaintiff cannot recover on proof that he was injured by an act of negligence by the defendant not charged in the complaint."

In the present case the plaintiff has declared on an act of negligence by the city—the placing of the water meter; on an act of negligence by the refining company in the placing of the iron pipe, and an act of negligence on the part of Roe in consenting thereto. It cannot be denied that it is the fact that plaintiff stumped his toe on the water meter and fell on the iron pipe; there can be no doubt that that was the prime and proximate cause of plaintiff's fall. The proximate act. But the Court has said there is no cause of action against the city; hence no negligence in placing the

water meter; that there is no cause of action against Roe for permitting the refining company to place the iron pipe.

It cannot be contended that the iron pipe was alone the proximate cause of the accident; but if it were so contended, the plaintiff, in order to come within the statement quoted from the *Settlemeyer case, supra,* must show proof of another act of negligence, named or not named in the complaint, as a proximate cause. Where is such proof? It is non-existent.

It is stated in argument that the Circuit Judge in over-ruling the motion for nonsuit and directed verdict relied on the case of *Rhodes v. So. Ry. Co.,* 139 S. C., 139, 137 S. E., 434, and it is cited by respondent's counsel.

That is a case of master and servant, in which the doctrine of *respondeat superior* applies. The verdict exonerated the engineer of negligence and found against the railroad alone. The verdict was allowed to stand because the complaint alleged other acts of negligence on the part of the railroad.

The leading opinion quotes in support of its position from the case of *Correll v. City of Spartanburg,* 169 S. C., 403, 413, 169 S. E., 84, 88, the following: "So that where several causes combined to produce injuries, a person is not relieved from liability because he is responsible for only one of them, it being sufficient that his negligence is an efficient cause, without which the injury would not have resulted, to as great an extent, and that such other cause is not attributable to the person injured."

A mere excerpt from an opinion rarely conveys a correct comprehension of the case from which it is taken. In the *Correll case* there was but one defendant, and one cause of action, which, it was alleged, arose through several acts of negligence of the city in and about the work on its streets. The opinion holds that it was not necessary to prove all of the alleged acts of negligence; if any one was proved to be the efficient cause, it was sufficient. The defendant contended that Correll died of a duodenal ulcer; the plaintiff

contended that the condition of the ulcer was aggravated by the fall and this resulted in Mr. Correll's death. This Court said: "In order to hold defendant liable, it was not necessary to prove that the fall was the only cause of the death. If it was a contributory proximate cause, it was sufficient."

Then followed the language quoted in the main opinion in this case. It is a correct statement of the law and applicable to the facts of the case then under consideration by the Court.

In the present case the facts pleaded, if true, make but one cause of action growing out of a chain of events, viz., the placing by the city of the water meter; the placing by the refining company of the iron pipe, and Roe's consent thereto. It took all of these to make the one cause of action. It is just as if three bricks were set up on end in a row. Brick No. 1 fell against brick No. 2 which in turn fell against brick No. 3, which fell on a person and injured him. There would have been no injury if the first brick had not fallen.

This principle is recognized in the case of *Pendleton v. Cola. Ry., G. & E. Co. et al.,* 132 S. C., 507, 128 S. E., 711, 712: "If a complaint contains separate and independent acts of negligence on the part of two or more tort-feasors, capable severally of producing the result complained of, coupled with the allegation of joint negligence on the part of all of the defendants, whether stated in separate causes of action or in 'jumbled' form, the defendant has the right to require the plaintiff to elect upon which cause of action he will rely, upon the principle announced in *McKenzie v. Railway Co.,* 113 S. C., 453, 102 S. E., 514, that *joint tort-feasors cannot be sued both separately and jointly. But if the complaint simply alleges co-operating causes leading to the result, instead of several causes each sufficient of itself to produce the result, such acts constitute but a single cause of action."* (Italics added.)

The *Pendleton case* came on for hearing again before this Court on appeal from an order of the Circuit Court refus-

ing to require the plaintiff to make his complaint more definite and certain and to require him to elect upon which cause he would proceed. 133 S. C., 326, 131 S. E., 265, 267. It appears that the plaintiff was discharged from the street car in the middle of a block, in a much traveled street, where he was struck by an automobile driven by the defendant Dicks; the complaint alleged injuries caused by the several named acts of the railway company, and the several named acts of Dicks; that these "joint and concurrent" acts of negligence of the defendants were the proximate cause of the plaintiff's injury. This Court said:

" 'If the injured party chooses to sue the wrongdoers jointly, he thereby declares that the tort shall be joint, and the law so regards it, *without listening to or even hearing from the wrongdoer.'* * * *

"The plaintiff expressly alleges that the separate acts of negligence attributed to each of the defendants concurred and cooperated to produce the result—the injury complained of. Having elected to sue the two defendants in one action, *and having alleged that the acts of each concurred in causing his injury—the only theory upon which he was entitled to sue both in one action—he must recover, if at all, upon the theory of joint liability, and not upon that of separate causes of action predicated upon the several liability of the two defendants."* (Italics added.)

It is confidently urged that the facts of this present case bring it exactly within the pronounced principles of the *Pendleton case;* and the city of Greenville and Roe having been absolved of liability and dismissed from the case, from which action there is no appeal, the finding against the Atlantic Refining Company alone should not be allowed to stand.

The findings announced in the *Pendleton case* are expressly affirmed by this Court in the case of *Bridge v. Orange Crush Bottlers et al.,* 164 S. C., 351, 162 S. E., 325, 327. The plaintiff in that case was an employee of Orange Crush Bottlers at their bottling plant in Walterboro, Colleton Coun-

ty, S. C., as a bottle filler. He was injured by the explosion of a bottle. The bottles were made by the Laurens Glass Works, Inc., situate at Laurens, Laurens County, S. C. The complaint alleged negligence of the glass works in the manufacture of the bottle and negligence in inspecting it; it alleged negligence on the part of Orange Crush Bottlers in the inspection of the bottle; and that these acts of negligence of the two defendants "combined and co-operated to cause plaintiff's injury as the proximate cause thereof." On circuit the defendants took the position that the allegations did not show "a joint and concurrent liability of the two defendants." The Circuit Judge held: "There is but one cause of action set forth in the complaint; that is, an action charging both defendants with joint and concurrent negligence, as the proximate cause of the injury."

This ruling was affirmed on appeal.

In the case of *Tate v. Claussen-Lawrence Construction Company & Gulf Refining Company*, 168 S. C., 481, 167 S. E., 826, 830, the complaint alleged that the construction company was engaged in constructing a highway; that at the intersection of a street and a road, where it suspended work after sundown, it placed a lighted flambeau, the flame of which was not protected or covered; that it was placed within twelve or fifteen feet of a filling station; that the agent of the other defendant, Gulf Refining Company, after the placing of the flambeau, arrived at the filling station with his truck of gasoline for the purpose of filling the underground tanks. In the process of transferring the gasoline from the truck to the tanks, some of the gasoline was spilled and was ignited by the flame from the flambeau, and the filling station was burned. The verdict was against both defendants, and was affirmed on appeal. The Court said: "It is patent from the evidence that it was the combined, concurring negligence of the two defendants which operated as the proximate cause of the injury. If the flambeau had not been placed where it was the explosion would not have occurred. Even with the flambeau there, there

would have been no explosion but for the negligence of the man who was delivering the gasoline in the tank."

This ruling is sustained upon the authority of the *Bridge* and *Pendleton cases, supra.*

Reliance is placed by the respondent on the opinion of this Court in the case of *Halsey v. Minnesota-South Carolina Land & Timber Co.,* 174 S. C., 97, 177 S. E., 29, 38. As stated hereinabove, one rarely gets a correct conception of the principles declared by a Court by a mere excerpt from the opinion. In the *Halsey case* the suit was originally brought against the land and timber company and Montague. Before the case finally came to trial in the State Court, Montague died, and it was held that as to him the case was abated. Thereupon the land and timber company moved to transfer the case to the Federal Court on the ground that Montague, the local defendant, was dead and the company was a foreign corporation. It was a question of jurisdiction. Judge Cochran of the Federal Court (D. C.), 54 F. (2d), 933, 935, in denying the motion to transfer the case to his Court, said: "Here the plaintiff began his case in the State Court in good faith. * * * He has pressed his case to trial against both defendants in the lower Court, and has carried it against both of them by appeal to the Supreme Court. *He had no part in changing the status of the case; that has been forced upon him in invitum by the death of the party and the law which declares that the case as to that party shall not survive. He is not to be deprived of his right to continue in the State Court because of events over which he had no control whatever."* (Italics added.)

When this decision came down from the Federal Court, the land and timber company moved to transfer the case from Charleston County, where Montague had had his residence, to Dorchester County, where the company had its office. The question of jurisdiction was still the issue. The motion was denied. On appeal this Court said that *after once acquiring "jurisdiction of the person and subject-matter, the death, removal from the county or resignation from of-*

*fice* \* \* \* *will not abate the suit, and the Court will have power* \* \* \* *to proceed to final judgment or decree."* (Italics added.)

Moreover, the allegations and facts proven show conduct on the part of the timber company, in addition to that of Montague, which made the action one of joint and several liability.

Construed in the light of these conditions, the case is not authority for the case at bar.

There the case was abated by the death of Montague after jurisdiction acquired. A circumstance beyond plaintiff's power to prevent. In the present case, the City of Greenville and Roe were dismissed from the case, with the tacit assent of plaintiff's counsel, in a suit on a joint and concurrent cause of action, the evidence as well as the allegations in which show that the negligences complained of were a combined and cooperating chain of separate acts by three defendants resulting in one cause, and shows that the chain was broken.

When two of these joint tort-feasors are relieved of liability, and it is patent that the act of the remaining defendant was not the proximate cause of the injury of which plaintiff complains, it seems wholly illogical to say that such action can be sustained.

It seems wholly unnecessary to argue that if the allegations of the complaint are true, the fall of plaintiff was the beginning of the chain of events which led to his injury. Therefore, if he can recover, he must continue that chain unbroken because of the fact that he is suing all three of the defendants as joint tort-feasors.

The defendant who placed the water meter is out of the case, the iron pipe placed by the refining company had no part in causing the plaintiff to fall; without the fall the pipe would not have harmed him. Again, according to the allegations of the complaint, the iron pipe was placed on the sidewalk with the consent of the defendant Roe; that is to say, Roe owned and controlled the premises and his consent was

necessary to be had in order to place the pipe. The charge is explicit and in one sentence that the Atlantic Refining Company and J. H. Roe combined in placing the iron pipe. See folio 15 of the record. But Roe has been relieved of such charge of negligence and dismissed from the case.

It appears then that the plaintiff has been permitted to recover against the Atlantic Refining Company alone as if in a several action on a several liability against whom no several act of negligence is alleged, nor is any proved as the proximate cause of plaintiff's injury. Whereas the action was one against three alleged joint tort-feasors on allegations of separate acts of negligence which lead in a chain from the first act to the last, and thus combine and cooperate in causing the injury to plaintiff.

If this judgment stands, the principle of pleading that one must stand or fall by his pleadings is completely nullified.

I think the judgment should be reversed.